Ronald F. McCONNELL

v.

MERCANTILE NATIONAL BANK AT DALLAS.

No. CA 3–5895–C.

United States District Court, N. D. Texas, Dallas Division.

Feb. 14, 1975.

Linda A. Whitley, Douglas E. Yeager, Berman, Fichtner & Mitchell, Dallas, Tex., for plaintiff.

Hubert D. Johnson, Charles R. Cravens, Jr., and H. Dee Johnson, Johnson & Cravens, Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This case requires this Court to determine once again [1] whether the defendant's policy on grooming—specifically hair length—violated the plaintiff's rights. I find that it did not.

The defendant Mercantile National Bank in January, 1970, hired Ronald F. McConnell, plaintiff, who was then but 19 years old, to work as a night shift "reconciler" in its data processing department. About nine months later, the bank fired [2] McConnell after he refused to cut his hair so as to conform to the bank's grooming code for employees.

Because the bank's code permits women employees to wear hair longer than is permitted for men, McConnell claims in this suit that the bank unlawfully discriminated between men and women in violation of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. He bases federal court jurisdiction on 42 U.S.C. § 2000e–5(f) and 42 U.S.C. § 1981, claiming the latter statute provides for injunctive and other relief against discrimination in employment on grounds of sex.

Believing that the Mercantile unlawfully fired him, McConnell prayed in his complaint for an injunction ending the alleged sex discrimination, reinstatement and restoration to his former position, back pay, and attorneys fees and costs.

The parties are in close agreement as to most of the facts in the case—it's the law they are quarreling about—and it may be helpful to review the fact situation as developed by the parties' stipulation and the witnesses at the one-day non-jury trial.

McConnell and the Mercantile, it appears, got along quite well for some time. He came to the bank with good references and scored satisfactorily on the bank's aptitude tests given to applicants for the job he was later assigned to. He did well also on his supervisor's rating of his performance after he had been on the job awhile, and after five months with the bank he got a pay raise of $20 a month, bringing his pay to $345 monthly as of July 1, 1970.

A picture of McConnell appears in the February, 1970, issue of *Just Folks*, the bank's folksy employee magazine, along with those of other well groomed newcomers to the ranks of Mercantile employees. In that picture, which apparently was taken as a routine step in the bank's processing of new employees, McConnell's entire left ear is visible. His hair reaches his right eyebrow and would appear to come nowhere close to his shirt or coat collars. McConnell's identification badge was also introduced into evidence. Apparently the picture on it was taken considerably later, for it depicts the hair in front as reaching both eyebrows, his ears as about half to two-thirds concealed by hair, and a tuft of hair in the back dangling toward his shirt collar. A very fuzzy post-firing picture of McConnell shows hair almost totally covering an ear, and quite full in the back.

McConnell testified that he did have his hair cut at least once during his employment at the bank, but only after a specific request to do so from his supervisor. Apparently this trip to the barbershop bothered him considerably, because afterward he visited the local office of the Equal Employment Opportunity Commission. The next time his

---

1. *See* Ferrell v. Dallas Independent School District, 261 F.Supp. 545 (N.D.Tex.1966), aff'd 392 F.2d 697 (5th Cir.), cert. denied 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968).

2. The parties prefer the more polite euphemism "terminated". As detailed below, McConnell was issued an ultimatum to get a haircut or not come back to work, and he chose not to return to work.

supervisor mentioned to McConnell that his hair was getting too long for the bank's dress code, McConnell was not to be cowed. The supervisor dispatched young McConnell for a visit with J. W. Graves, Mercantile's personnel director and a vice-president. It appears to the Court that Graves tried tactfully to explain to McConnell *why* he should cut his hair (because the bank jealously protected its image in its customers' eyes), but McConnell steadfastly refused because, as he testified, "I was aware of my rights at that time [that is, after his visit to the EEOC]."

This interview was on a Thursday afternoon, and concluded with Graves giving McConnell a choice of either having his hair cut to bank standards by Monday or not bothering to report for work. McConnell opted out, so to speak.

Graves testified that the Mercantile had "always" required its employees to present a neat, well groomed, business-like appearance on duty. More specifically, he said he had told McConnell that the code meant no hair over the eyes, ears or collar. However, this apparently was not to be found in writing anywhere. Instead, the bank had an *unwritten* grooming code which prohibited males' hair from touching eyes, ears or collars.

New employees, according to the evidence, were introduced to the bank's unwritten code no later than their first few days with the Mercantile. Conformance apparently had been no problem until McConnell balked, except for one Harvey Shelton, who quit rather than get a haircut after a supervisor told him his hair was approaching the outer limits of respectability. In fact, the photographs of male employees in two issues of *Just Folks, supra,* introduced into evidence, are reminiscent of an early '60s high school yearbook—crew cuts are not uncommon, and all ears are in plain view (with the exception of Harvey Shelton). Photos of women employees show their compliance with the code for women: be neat and well groomed, and avoid extremes of dress and fashion.

This case was tried before the Court in February of 1973. I decided to hold my decision in abeyance pending the Fifth Circuit's final decision in the case of Willingham v. Macon Telegraph Publishing Co., 482 F.2d 535 (5th Cir. 1973), rev'd en banc, 507 F.2d 1084 (5th Cir. 1975).

The Fifth Circuit's en banc opinion was issued on February 12, 1975, and in accordance with that opinion I am rendering judgment for the defendant Mercantile National Bank. The en banc opinion holds that an employee's grooming code, requiring different hair lengths for male and female employees, constituted discrimination on the basis of grooming standards, not on the basis of sex and was, therefore, outside the proscription of the Civil Rights Act of 1964, § 703, 42 U.S.C. § 2000e–2. The majority opinion added:

> Distinctions in employment practices between men and women on the basis of something other than immutable or protected characteristics do not inhibit employment *opportunity* in violation of Sec. 703(a).

Accordingly, judgment is hereby rendered for the defendant.