**Michael MILLER, Plaintiff,**

v.

**MISSOURI PACIFIC RAILWAY CO., Defendant.**

**No. 74 CV 31–W–4.**

United States District Court, W. D. Missouri, W. D.

April 12, 1976.

534

Arthur A. Benson, II, Kansas City, Mo., for plaintiff.

Kent Snapp and James M. Beck, Johnson, Lucas, Bush & Snapp, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

This matter is before the Court upon defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000e-2. Plaintiff complains that he was discriminated against on the basis of sex due to defendant's grooming standards for employees, which specified hair lengths for male employees only.

In Standard Pretrial Order No. 2, entered on April 17, 1975, the parties agreed to and stipulated the pertinent facts involved, as follows. Plaintiff was employed by the Missouri Pacific Railroad as a Perpetual Inventory Location Clerk from March 20, 1970 until November 30, 1974. At the time Pretrial Order No. 2 was entered, Missouri Pacific employed 19 Perpetual Inventory Location Clerks in the Kansas City area (the location of plaintiff's prior employment), of which eleven were male and eight were female. Defendant has, maintains and enforces an official dress code and personal grooming standards for employees, which require that all employees be neat in appearance and be clothed in a manner that does not interfere with vision, hearing or the free use of hands and feet. Generally, hair styles and clothing styles are required to be such that the same are not disruptive of defendant's business nor distracting for other employees.

The standard for grooming for all male employees is unwritten, but is in substance as follows:

"Hair will not be so long as to cover the collar when a person is in a normally erect posture, nor will hair be so long as to cover the ears or obstruct vision by falling below the eyebrows. Mustaches, beards and sideburns will be kept neatly combed and trimmed and will not be worn in exaggerated styles. Restraints, such as hairnets will not be permitted as a means of meeting the standard."

Women employees of defendant, including those occupying the position of Perpetual Inventory Location Clerk, are subject to the general grooming code and standards for all Missouri Pacific employees, but are not required to comply with the aforestated hair grooming policy applicable to male employees.

Plaintiff was aware of the above-cited standard, understood it and was, upon request, capable of reciting it in substantially the form set forth above. Plaintiff, otherwise a good employee, chose, however, beginning around early September, 1972, to fail to comply with the company grooming standards for hair. He was requested to get haircuts on at least eight separate occasions between September 1972 and November 1974. On all but the last such occasion in November 1974, he complied with the requests and got haircuts complying with company standards.

As those issues of material facts which are necessary to a proper determination of this cause have been stipulated by the parties[1] it is accordingly appropriate for the Court to now decide the sole issue of law stipulated to by the parties, namely:

"Whether defendant, Missouri Pacific Railroad Company's hair grooming regulation applicable to male employees only constitutes sex discrimination within the meaning of the Civil Rights Act of 1964. Section 703, 42 U.S.C. § 2000(e)–2?"

The issue in this case, so stated, is identical to that which was before the United States Court of Appeals for the Eighth Circuit in *Knott* and *Wamganz v. Missouri Pacific Railroad Company,* 527 F.2d 1249, Memorandum Decision filed December 30, (8 Cir. 1975).[2] The Eighth Circuit there held, in a case involving the same defendant who is now before this Court, that

"Defendant's hair length requirement for male employees is part of a comprehensive personal grooming code applicable to all employees. While no hair length restriction is applicable to females, all employees must conform to certain standards of dress. Where, as here, such policies are reasonable and are imposed in an evenhanded manner on all employees, slight differences in the appearance requirement for males and females have only a negligible effect on employment opportunities. There is no claim that defendant has established its policy as a pretext to exclude males from employment. In summary, we conclude that minor differences in personal appear-

ance regulations that reflect customary modes of grooming do not constitute sex discrimination within the meaning of § 2000e–2."

That portion of the grooming standards set forth in *Knott* appears to simply be a differently worded version of the grooming standard now before this Court. The only difference between the two standards lies in form rather than content; the standards in the instant case being unwritten, while those in *Knott* had been reduced to writing. Plaintiff attempts to distinguish the case at bar from cases negative to his cause such as *Knott* on precisely this ground. He contends that whereas in most cases[3] upholding hair grooming standards for males only against charges of sex discrimination, the challenged standards were written, the instant standards are unwritten and consequently were inherently "vague and arbitrary."

Plaintiff's contentions in this regard must fail for several reasons. First, there is no evidence that the grooming standard, although unwritten, was vague. It stated quite clearly and particularly how long hair could be, gauging permissible length in terms of collar, eyebrows and ears. Although unwritten, the standards were sufficiently codified for plaintiff himself to be able to repeat them from memory. Secondly, there is no evidence that the hair standards were arbitrary because unwritten. Plaintiff does not assert, other than in his allegations with regard to sex discrimination in general, that the standards were arbitrarily applied. He offers no evidence that shows the standards to be arbitrary because unwritten. Finally, assuming

1. The parties have not stipulated to the extent of plaintiff's injury, if any, which was occasioned by enforcement of defendant's grooming standards. However, in view of the Court's determination set forth herein that defendant breached no duty to plaintiff under 42 U.S.C. § 2000e–2, resolution of those factual issues is not necessary.

2. "The sole issue for decision, then, is whether defendant's hair length policy for males constitutes sex discrimination within the meaning of § 2000e–2," at 4.

3. A recent decision from Northern District of Texas, *McConnell v. Mercantile National Bank at Dallas,* 389 F.Supp. 594, (N.D.Tex.1976) upheld the validity of an unwritten hair grooming code for males only against charges of sex discrimination pursuant to 42 U.S.C. § 2000e. The Court there simply noted that the code was unwritten and attached no legal significance to that fact. In *McConnell* as in the case before this Court, there was clear evidence that the plaintiff was well aware of the unwritten code.

*arguendo* that the hair standards were vague and arbitrary, plaintiff has produced no legal precedent that supports the position that due process requires a private employer to promulgate provisions regulating employee hair length with the clarity and precision necessary for public statutes defining criminal behavior.

The case at bar is, therefore, controlled by the Eighth Circuit's teachings and decision in *Knott*. Defendant's hair grooming standards for male employees only do not constitute sex discrimination within the meaning of 42 U.S.C. § 2000e-2.

For the foregoing reasons, it is therefore

ORDERED that defendant's motion for summary judgment be and hereby is granted and judgment will be entered dismissing this action with prejudice at plaintiff's costs.