BEDKER v DOMINO'S PIZZA, INC

Docket No. 126784. Submitted May 21, 1992, at Detroit. Decided September 8, 1992, at 9:45 A.M.

Robert Bedker, as next friend of Scott M. Bedker, a minor, brought an action in the Wayne Circuit Court against Domino's Pizza, Inc., RPM Pizza, Inc., and Thomas Monaghan, alleging sex discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, after his employment was terminated because his hair did not conform to the defendants' grooming policy that required men to cut their hair at or above the collar. The court, John A. Murphy, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.*, is substantially the same as Michigan's Civil Rights Act with regard to sex discrimination provisions. Therefore, federal case law interpreting title VII is persuasive authority for resolving cases brought under the Michigan act. Federal courts have held that sex-differentiated hair-length grooming requirements do not constitute sex discrimination under title VII.

2. Title VII protection does not encompass those characteristics not inherently immutable, such as different grooming standards for men and women. Title VII was not intended to interfere with grooming policies that have no significant effect upon the employment opportunities afforded one sex in favor of the other. Title VII may be violated when the grooming code that applies to each sex is not equally burdensome or when the overall grooming code is not enforced in an evenhanded manner.

3. There is no allegation in this case that each sex's individual grooming requirements were not enforced evenhandedly or that the overall grooming policy burdens one sex more than the other so as to favor the employment of one sex.

4. Because the defendants' grooming standards would not

REFERENCES

Am Jur 2d, Civil Rights § 146.

Employer's enforcement of dress or grooming policy as unlawful employment practice under § 703(a) of Civil Rights Act of 1964 (42 USCS § 2000e-2(a)). 27 ALR Fed 274.

violate title VII, they do not violate Michigan's Civil Rights Act.

Affirmed.

Civil Rights — Sexual Discrimination — Employment — Sex-Differential Grooming Requirements.

Sex-differential hair-length grooming requirements for employment do not constitute sexual discrimination under the Michigan Civil Rights Act; the act is violated where the grooming code that applies to each sex is not equally burdensome and favors the employment of one sex over the other or where the overall grooming code is not enforced in an evenhanded manner; a grooming standard that does not violate title VII of the federal Civil Rights Act of 1964 does not violate the sexual discrimination provisions of the Michigan Civil Rights Act (42 USC 2000e et seq.; MCL 37.2101 et seq.; MSA 3.548[101] et seq.).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for the plaintiff.

*Miller, Canfield, Paddock & Stone* (by *David B. Gunsberg*), for RPM Pizza, Inc.

*Pear, Sperling, Eggan & Muskovitz, P.C.* (by *Melvin J. Muskovitz* and *Francyne Stacey*), for Domino's Pizza, Inc., and Thomas Monaghan.

Before: Michael J. Kelly, P.J., and MacKenzie and Brennan, JJ.

Brennan, J. Plaintiff appeals as of right from a March 8, 1990, order granting defendants summary disposition. Plaintiff filed suit alleging sex discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, after his employment was terminated because his hair fell below his shirt collar in violation of defendants' grooming policy. We affirm.

Plaintiff began working for RPM Pizza, Inc., a franchise of Domino's Pizza, Inc., in November 1986 as a counter person. At the time plaintiff was

hired, RPM had in place a single grooming policy applicable to both males and females that provided:

> Hair—there shall be no loose hair. All hair is to be restrained by a baseball cap or a hair net is required. Must be tucked under a hat so hair is not on forehead or visible from the front of the hat. Must be at or above the collar.

In order to comply with the policy, men with longer hair would tuck their hair into a cap. In January 1988, in order to comply with Domino's grooming policy, RPM announced that men would now have to cut their hair at or above the collar to be in compliance with RPM's grooming policy. Plaintiff's employment was terminated after he refused to cut his hair in compliance with the policy. A written version of the modified policy was distributed in March 1988.

Plaintiff subsequently filed this suit. Plaintiff's amended complaint alleged that defendants violated the Civil Rights Act when they applied their unisex grooming policy in a disparate manner by requiring only men to cut their hair at or above the collar. Defendants moved for summary disposition, arguing that RPM's policy was modified to provide for sex-specific grooming policies in conformance with Domino's policy and that there was no disparate treatment. The court granted defendants summary disposition, finding that defendants had in place sex-specific policies and that there was no evidence of disparate treatment with respect to enforcement of the sex-specific grooming policies. On appeal, plaintiff argues that the court erred in granting summary disposition because a question of fact existed whether RPM had in place a sex-neutral, rather than a sex-specific, grooming policy

that was applied in a disparate manner when plaintiff was fired. The court apparently granted summary disposition pursuant to MCR 2.116(C)(10). In deciding a motion brought under this subrule, the court must give the benefit of reasonable doubt to the nonmovant and determine whether a record might be developed that would leave open an issue upon which reasonable minds could differ. *Werth v Taylor,* 190 Mich App 141, 145; 475 NW2d 426 (1991).

The issue whether a male-only hair-length grooming requirement constitutes sex discrimination has never been determined by a Michigan court pursuant to Michigan's Civil Rights Act. However, the issue has been addressed by federal courts in regard to title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.* Michigan's Civil Rights Act is substantially the same as title VII with regard to its sex discrimination provisions. This Court has held that federal civil rights cases interpreting title VII are persuasive authority for resolving cases brought pursuant to the Michigan act. *Northville Public Schools v Civil Rights Comm,* 118 Mich App 573, 576; 325 NW2d 497 (1982). A review of the federal case law reveals that it is irrelevant whether a sex-neutral or sex-specific policy is in effect. Federal courts have held that sex-differentiated hair-length grooming requirements do not constitute sex discrimination under title VII. See *Fagan v National Cash Register Co,* 157 US App DC 15; 481 F2d 1115 (1973); *Dodge v Giant Food, Inc,* 160 US App DC 9; 488 F2d 1333 (1973); *Willingham v Macon Telegraph Publishing Co,* 507 F2d 1084 (CA 5, 1975); *Longo v Carlisle DeCoppet & Co,* 537 F2d 685 (CA 2, 1976).[1] The courts, for the most part, found that title VII

---

[1] These cases represent only a sampling of the numerous cases reaching this result.

protection does not encompass those characteristics not inherently immutable, such as different grooming standards for men and women. The courts reasoned that title VII was never intended to interfere with grooming policies that have no significant effect upon the employment opportunities afforded one sex in favor of the other. See cases cited above. See also 1 Larson, Employment Discrimination, § 41.11, pp 8-112—8-127.[2]

Plaintiff misconstrues the disparate-treatment test in title VII cases. It is irrelevant whether defendants had a sex-specific grooming policy or a unisex grooming policy with an unwritten requirement that men wear their hair cut above the collar. Courts have held that such unwritten policies do not violate title VII. *Miller v Missouri P R Co,* 410 F Supp 533 (WD Mo, 1976). Title VII may, however, be violated when the grooming code that applies to each sex is not equally burdensome or when the overall grooming code is not enforced in an evenhanded manner. Equal Employment Opportunity Commission Compliance Manual, § 619, p 3602,[3] *Dodge, supra,* p 13, *Willingham, supra,* p 1092, and *Knott v Missouri P R Co,* 527 F2d 1249, 1252 (CA 8, 1975). However, see contra *Fountain v Safeway Stores, Inc,* 555 F2d 753 (CA 9, 1977). An example of uneven enforcement of a grooming code would be if an employer has a dress and grooming policy for men and women but only enforces the male hair-length provision. Equal

---

[2] We note that in 1975, the Michigan Department of Civil Rights issued a policy statement on grooming requirements. The statement reflects recognition of the fact that virtually all courts are reaching a similar decision, that title VII was intended to protect against sex-based discrimination and was not intended to encompass different grooming standards for men and women. The department decided not to continue to accept or process charges of this nature.

[3] We note that EEOC interpretations are entitled to great deference by the courts. *Griggs v Duke Power Co,* 401 US 424, 434-435; 91 S Ct 849; 28 L Ed 2d 158 (1971).

Employment Opportunity Commission Compliance Manual, § 619, p 3602.

In this case, there is no allegation that each sex's individual grooming requirements were not enforced evenhandedly. Further, plaintiff does not contend that the overall grooming policy burdens one sex more than the other so as to favor the employment of one sex over the other.[4] Accordingly, we find that because defendants' grooming standards would not violate title VII, they do not violate Michigan's Civil Rights Act. Therefore, we find that the trial court properly granted defendants summary disposition, albeit for the wrong reason. *Portice v Otsego Co Sheriff's Dep't,* 169 Mich App 563, 566; 426 NW2d 706 (1988). Plaintiff further argues that the trial court erred in finding that defendants had a sex-specific grooming policy in effect at the time of plaintiff's termination. However, this issue becomes moot in light of our disposition of the first issue.

Affirmed.

[4] We note that defendants' policy requires females to secure their hair.