OSMAN v SUMMER GREEN LAWN CARE, INC

Docket No. 166523. Submitted November 9, 1994, at Detroit. Decided
    January 30, 1995; approved for publication April 19, 1995, at
    9:10 A.M.

  Fay Osman brought an action in the Wayne Circuit Court against
    Summer Green Lawn Care, Inc., alleging that, as a result of the
    defendant's negligence in providing snow removal services at a
    K mart store parking lot pursuant to a contract with the owner
    of the premises, she sustained injury when she slipped and fell
    in the parking lot. The court, Michael J. Talbot, J., granted
    summary disposition for the defendant, ruling that the defen-
    dant owed no actionable duty of care to the plaintiff. The
    plaintiff appealed.

      The Court of Appeals *held:*

      1. The written contract between the defendant and the owner
    of the premises, when read as a whole, clearly and unambigu-
    ously provides that the defendant is not relieved of liability for
    "damages caused to person or property" as a result of the
    defendant's negligence.

      2. A common-law duty to perform with ordinary care the
    thing agreed to be done accompanies every contract. Negligent
    performance of the contract constitutes a tort as well as a
    breach of contract.

      Reversed and remanded.

*Geno T. Zayid,* for the plaintiff.

*Noeske, Tarnavsky & Blanco* (by *Thomas M. Jinks*), for the defendant.

Before: REILLY, P.J., and R. B. BURNS* and C. L. HORN,** JJ.

PER CURIAM. Plaintiff appeals from a June 29,

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Administrative Order No. 1994-7.
** Circuit judge, sitting on the Court of Appeals by assignment.

1993, order of summary disposition entered in favor of defendant, Summer Green Lawn Care, Inc., in this negligence action. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that, pursuant to contract, it owed no duty to plaintiff to maintain a clean and non-slippery pavement in a K mart parking lot. We reverse and remand.

This lawsuit arises out of plaintiff's slip and fall in a K mart parking lot on December 9, 1990. Michigan Greenfield Land Company, owner of the premises, contracted with defendant for snow removal services. The contract was in effect at the time of plaintiff's injury. Plaintiff filed a complaint against defendant alleging that defendant owed plaintiff a duty to maintain the premises and the adjacent or abutting areas in a safe condition free from danger and to exercise reasonable care to diminish the hazards of ice, and that such duty further required reasonable and appropriate measures in light of existing and created circumstances. Plaintiff alleged that defendant breached its duty by negligently, carelessly, and recklessly removing snow from the premises and placing it on a portion of the premises when it knew, or should have been known or anticipated, that the snow would melt and freeze into ice on the abutting sidewalk, steps, and walkway, thus posing a dangerous and hazardous condition to individuals who traverse those areas. Plaintiff alleged that defendant was negligent in failing to keep the premises and all common areas fit for their foreseeable uses and in failing to remove ice from areas after notice of the dangerous condition, in allowing ice to build up, in maintaining a hazardous condition when it could have been reasonably discovered, and in failing to remove a dangerous condition.

Defendant claimed that because no genuine issue of material fact existed regarding the duty owed by defendant, defendant was entitled to summary disposition as a matter of law. Defendant argued that although an owner of premises must maintain the property in a reasonably safe condition, the present action seeks to impose a duty for the maintenance of the premises upon a defendant who is not the owner of the premises. Defendant argued that the snow removal agreement between the parties clearly indicated that defendant assumed no duty or responsibilities of the premises owner. Additionally, the contract clearly provides that defendant did not assume any of the responsibility for damage or injury caused by slipping and falling on any pavement surface.

A hearing on the motion was held on June 11, 1993, before the discovery cutoff, which was scheduled for October 31, 1993. At the hearing, plaintiff argued that while defendant was plowing, defendant had control of the premises and defendant's duty arose from this control. Plaintiff claimed that a duty arose because defendant created a hazardous condition that caused plaintiff's injuries. Plaintiff also claimed that because two of the contract's clauses conflicted, the jury should determine which portion of the contract is controlling.

The record is unclear with regard to which section of MCR 2.116 the court based its ruling. The trial court failed to articulate on the record or in its written order its basis for granting the motion. However, both defendant and the trial court relied on documentary evidence beyond the pleadings in support of defendant's motion for summary disposition. Therefore, we must construe defendant's motion as being brought pursuant to MCR 2.116(C)(10).

A motion for summary disposition under MCR

2.116(C)(10) tests the factual support for a claim and should be granted only when it is impossible for the claim to be supported at·trial because of a deficiency that cannot be overcome. In ruling on the motion, the trial court must consider not only the pleadings but also any depositions, affidavits, admissions, or other documentary evidence submitted by the parties. *Linebaugh v Berdish,* 144 Mich App 750; 376 NW2d 400 (1985). In deciding such a motion, the court must give the benefit of reasonable doubt to the nonmovant and determine whether a record might be developed that would leave open an issue upon which reasonable minds may differ. *Bedker v Domino's Pizza, Inc,* 195 Mich App 725; 491 NW2d 275 (1992). Before judgment may be granted, the court must be satisfied that it is impossible for the claim to be supported by evidence at trial. *Tame v A L Damman Co,* 177 Mich App 453; 442 NW2d 679 (1989). This Court liberally finds a genuine issue of material fact.

Although clumsily arranged, the contract allows only one interpretation. Where written documents are unambiguous and unequivocal, their construction is for the court to decide as a matter of law. *Mt Carmel Mercy Hosp v Allstate Ins Co,* 194 Mich App 580; 487 NW2d 849 (1992). If a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous or, indeed, fatally unclear. The contract, when read as a whole, is not ambiguous. The contract between defendant and Michigan Greenfield Land Company provided, in part, as follows:

> Provider assumes no liability for any damage caused to you or your tenant as a result of conditions caused by weather or circumstances which are reasonably beyond Provider's control, includ-

ing but not limited to your delay in requesting snow plowing or salting.

Due to variables, includeing [sic] but not limited to temperature, compaction, wind drifting or piling, it is impossible to remove accumulated ice and snow to bare pavement. No salt or melting agent will be used without prior direction by you or your authorized agent. Provider does not indemnify or hold you harmless from claims or demands arising directly or indirectly from the condition of the pavement's surface. Provider shall not be responsible for any damage or injury caused by slipping or falling on any pavement surface.

*Nothing contained in this agreement shall relieve Provider from liability for its breach of this agreement or damages caused to person or property as a result of Provider's, its employees', its agents' or representatives' negligence.* [Emphasis added.]

Although the contract specifically states that defendant will not be responsible for damage or injury caused by slipping or falling, it also states that nothing in the agreement shall relieve defendant of liability for damages caused to persons as a result of defendant's negligence. Such language is clear and unambiguous. Read as a whole, the contract requires defendant to provide snow removal services in a reasonable manner, holding defendant liable for its negligent conduct in the snow removal process.

The trial court incorrectly interpreted the terms of this contract to limit the duty defendant owed to plaintiff. Not only did the contract articulate that defendant would remain liable for its negligent conduct, but such duty also arose out of defendant's undertaking to perform the task of snow plowing. The duty allegedly owing is that which accompanies every contract, a common-law duty to perform with ordinary care the things

agreed to be done. *Talucci v Archambault,* 20 Mich App 153; 173 NW2d 740 (1969). Those foreseeably injured by the negligent performance of a contractual undertaking are owed a duty of care. In *Clark v Dalman,* 379 Mich 251, 260-261; 150 NW2d 755 (1967), the Court reasoned as follows:

> Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. . . .
>
> Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part. Moreover, while this duty of care, as an essential element of actionable negligence, arises by operation of law, it may and frequently does arise out of a contractual relationship, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract. But it must be kept in mind that the contract creates only the relation out of which arises the common-law duty to exercise ordinary care. Thus in legal contemplation the contract merely creates the state of things which furnishes the occasion of the tort. This being so, the existence of a contract is ordinarily a relevant factor, competent to be alleged and proved in a negligence action to the extent of showing the relationship of the parties and the nature and extent of the common-law duty on which the tort is based.

Defendant argues that plaintiff was not in privity of contract with defendant and the premises owner, and therefore was owed no duty. While it may be true that plaintiff is not owed a duty under the contract itself, the contract is the basis out of which arises defendant's common-law duty to

plaintiff. According to *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974), a good case is made for abolishing contractual privity and permitting suit in negligence by any third party.

By analogy, *Commercial Union Ins Co v Medical Protective Co,* 426 Mich 109, 124, n 5; 393 NW2d 479 (1986), stated:

> Whether a primary insurer owes a duty to act in good faith or with due care toward an excess insurer as well as the insured is analogous to the question· whether a manufacturer owes a duty to act with due care toward an ultimate purchaser as well as a retailer of his product, or whether a professional who undertakes a service in a contract owes a duty to act with due care toward third parties who foreseeably will be affected as well as toward the person with whom the professional makes the contract. This Court has held that in the case of the manufacturer and the professional there is liability.
>
> In these cases, a contract between two parties gives rise to contractual duties. Breach of a contractual duty causes injury to a third party, who is then allowed to bring a tort action. In *Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958), a manufacturer's breach of an implied warranty of merchantability in a contract of sale gave rise to a tort action in favor of an injured ultimate consumer of the product. In *Clark v Dalman,* 379 Mich 251; 150 NW2d 755 (1967), a repair contractor's breach of the contractual duty to notify an inspector of work completed, and his breach of the common-law duty to act reasonably so as not to endanger licensees or invitees, gave rise to a tort action in favor of an injured inspector.

Although defendant attempted to limit its liability for slips and falls through its contract with Michigan Greenfield Land Company, the contract

language states that defendant will not be relieved from liability resulting from its negligence. Thus the contract does not shield defendant from liability to plaintiff. Even if the language were able to shift liability to Michigan Greenfield, defendant would still owe plaintiff a common-law duty separate and apart from the contract itself. Duty of care not only arises out of a contractual relationship, but it also arises by operation of law, a general duty owed by defendant to the public of which plaintiff is a part. *Clark, supra* at 260-261. Therefore, even though plaintiff was not in privity of contract, she was owed a duty of ordinary care by defendant.

Reversed and remanded.