*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA ANN FOWLKES,

        Plaintiff-Appellant,

v

THE ABBEYS OF WESTLAND CONDOMINIUM ASSOCIATION and SHAKESPEARE SERVICES, INC., doing business as SHAKESPEARE'S LAWN & SNOW,

        Defendants-Appellees.

UNPUBLISHED
May 13, 2025
9:54 AM

No. 366609
Wayne Circuit Court
LC No. 22-003681-NO

Before: M. J. KELLY, P.J., and SWARTZLE and ACKERMAN, JJ.

PER CURIAM.

Plaintiff appeals the trial court's orders granting summary disposition to defendant Shakespeare Services, Inc., doing business as Shakespeare's Lawn & Snow, and to defendant The Abbeys of Westland Condominium Association, dismissing her claims of breach of contract, negligence, and premises liability. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTS

This case arises from plaintiff's slip and fall on a mound of snow and ice in the common area of a condominium complex operated by the Association.

Plaintiff owned a condominium in a complex operated by the Association. While walking her dog, she encountered a mound of snow and ice on the sidewalk. As she attempted to avoid the hazard, she slipped and fell, sustaining injuries to her right leg that required surgery and caused permanent damage. The Association had contracted with Shakespeare for snow removal services, and it was Shakespeare that plowed the mound of snow and ice onto the sidewalk.

Plaintiff filed suit against the Association and Shakespeare, alleging claims of breach of contract, negligent performance of a contract, and premises liability. The trial court dismissed plaintiff's claims against the Association, holding that, as a co-owner of the condominium

development, plaintiff could not assert a premises liability claim because the Association owed her no duty. The court also found that the Association fulfilled its obligations under the master deed by hiring Shakespeare for snow removal, and that any alleged negligent performance was attributable to Shakespeare, not the Association.

Regarding Shakespeare, the trial court dismissed plaintiff's negligent performance of a contract claim, finding that Shakespeare owed no duty separate and distinct from its contract with the Association. To the extent plaintiff's complaint could be construed as asserting a premises liability claim against Shakespeare, the court held that Shakespeare lacked possession and control over the property and therefore owed no duty as a land possessor.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision to grant summary disposition. *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015). Summary disposition under MCR 2.116(C)(10) is appropriate where, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

Interpretation of condominium bylaws and master deeds is governed by principles of contract interpretation. *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015). We review the interpretation of contracts de novo. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). In interpreting a contract, this Court gives the words their plain and ordinary meaning. *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). The contract must be read and construed as a whole, harmonizing and giving effect to all its parts whenever possible. *Smith v Smith*, 292 Mich App 699, 702; 823 NW2d 114 (2011).

Whether a legal duty exists is a question of law, reviewed de novo. *Finazzo v Fire Equip Co*, 323 Mich App 620, 625; 918 NW2d 200 (2018).

## III. CLAIMS AGAINST THE ASSOCIATION

Plaintiff's appellate brief presents 11 separate questions, many of which overlap with each other or are otherwise redundant. Moreover, some counts in plaintiff's complaint were untitled, causing confusion in the trial court regarding the legal theories being pursued. We construe plaintiff's Count I as a premises liability claim. We conclude that the trial court erred in dismissing plaintiff's premises liability and breach of contract claims but properly dismissed her negligent performance of a contract claim.

### A. PREMISES LIABILITY

We begin with plaintiff's premises liability claim against the Association. The key question is whether the Association owed plaintiff a duty of care given that plaintiff was a co-owner of the premises using the condominium's common areas at the time of her injury. We conclude that it did, and that genuine issues of material fact preclude summary disposition.

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v F & E Oil,*

*Inc*, 512 Mich 95, 110; 1 NW3d 44 (2023). As to Count I, plaintiff's central argument on appeal is that the trial court erred by relying on *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640, 641; 886 NW2d 891 (2015), which has since been overruled by *Janini v London Townhouses Condo Ass'n*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164158).

In *Francescutti*, the plaintiff, a co-owner of a condominium unit in the defendant's development, alleged a negligence claim after he fell on an icy, snow-covered sidewalk and injured his hand and wrist. *Id*. at 641. The trial court treated the claim as one of premises liability and dismissed it because the danger was open and obvious.[1] *Id*. at 642. On appeal, this Court affirmed. *Id*. at 641. However, our decision was based on a different premise: we held that the defendant owed no duty to the plaintiff under a premises liability theory because plaintiff was neither a licensee nor an invitee. *Id*. at 643. We focused on the definitions of those terms: "A licensee is a person who is privileged to enter the *land of another* by virtue of the possessor's consent, while an invitee is a person who enters upon *the land of another* upon an invitation." *Id*. at 643 (cleaned up). Because the plaintiff was a co-owner of the common areas, he had not entered "the land of another," and therefore was neither a licensee nor an invitee. *Id*. Accordingly, the defendant owed no duty under a premises liability theory. *Id*.

In *Janini*, the Michigan Supreme Court overturned *Francescutti*. The Court explained that we erred by focusing on the phrase "land of another" when defining licensee and invitee.

> The proper inquiry when considering the duty owed in a premises-liability action is who has possession and control over the land where a person was injured, not merely who owns the land. We hold that, when the master deed and bylaws governing a condominium complex provide that the condominium association is responsible for maintaining the common areas and the condominium's co-owners lack possession and control over those common areas, a condominium co-owner using the condominium complex's common areas and elements is an invitee. In such circumstances, a condominium association owes a condominium co-owner a common-law duty to exercise reasonable care to protect them from dangerous conditions in the common area. [*Janini*, ___ Mich at ___; slip op at 2.]

The master deed here meets the conditions established in *Janini*. Article III of the master deed defines the "Association" as "the non-profit corporation organized under Michigan law of which all Co-owners shall be members, which corporation shall administer, operate, manage and maintain the Condominium." The common elements include open spaces, roads, and sidewalks. Article IV, Section 3 provides for the "maintenance, decoration, repair and replacement of the common elements," including the sidewalks:

---

[1] At the time, our common law provided that "[i]n general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land," but "this duty does not generally encompass removal of open and obvious dangers." *Lugo v Ameritech Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich at 143.

> **Sidewalks**. The Association shall be responsible for the maintenance, repair, replacement and snow removal with respect to all sidewalks; provided, however, that the costs of maintenance, repair, replacement and snow removal with respect to sidewalks that differ in their specifications from Developer's standard specifications for sidewalks shall be borne by the Co-owner of the Unit to which it is respectively appurtenant.

According to the master deed, the Association assumed responsibility for maintaining the common elements, including the sidewalks. Plaintiff's acceptance of the master deed surrendered her control of the common areas to the Association. *Id*. at ___; slip op at 13. Thus, plaintiff was an invitee able to pursue a premises liability claim against the Association. *Id*. at ___; slip op at 13.

As an invitee, the Association owed plaintiff "a duty to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition on the land." *Kandil-Elsayed*, 512 Mich at 149 (cleaned up; alteration in original). With respect to a condition caused by ice and snow, a premises possessor's duty "will require that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of the injury to the invitee." *Id*. at 150 (cleaned up). While the hazard here was arguably open and obvious, the obviousness of a condition is not a per se bar to recovery by eliminating the possessor's duty of reasonable care, *id*. at 104, but instead "is relevant to the defendant's breach and the plaintiff's comparative fault." *Id*. at 144. When determining whether a condition is open and obvious, the trial court should consider "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 144 (citation omitted). The trial court must also recognize that a land possessor must anticipate harm that could arise from an open and obvious condition. *Id*. at 104.

Plaintiff alleged that the Association not only failed to take reasonable measures to address the hazard of an accumulation of snow and ice, but also affirmatively created a hazard by piling snow and ice on the sidewalk. Plaintiff and another resident of the development who lived near the hazard testified that the Association's snow removal contractor created a mound of snow and ice when plowing the street. While plaintiff was walking her dog, she encountered the mound blocking the sidewalk and fell while attempting to walk around it. The Association argues, and the trial court found, that plaintiff's claims should be dismissed because she fell on the grass, and the Association owed no duty to remove snow from the grass. The Association is correct that the master deed did not impose a duty to remove snow from grassy areas. In addition, plaintiff was aware of the mound. However, plaintiff testified that she attempted to avoid the mound blocking the sidewalk when she fell. There are genuine issues of material fact regarding where plaintiff fell and whether the fall was caused by the mound of snow. Plaintiff testified that she fell on her very first step to avoid the mound, though she was unsure whether she stepped on the sidewalk or grass; she testified that she stepped on snow-covered ice.

Viewing the evidence in a light most favorable to plaintiff, there are genuine issues of material fact as to whether the Association's handling of the snow was reasonable, whether the Association should have anticipated harm from the condition, and whether plaintiff was comparatively at fault in attempting to walk around the mound rather than choosing another path.

Accordingly, the trial court erred by granting summary disposition as to plaintiff's premises liability claim against the Association.[2]

## B. BREACH OF CONTRACT

Plaintiff next challenges the dismissal of her breach of contract claim against the Association. At issue is whether the Association satisfied its contractual obligation to remove snow from the sidewalks under the master deed by contracting with Shakespeare. We conclude that it did not, and that summary disposition was improper.

Plaintiff alleged that the Association breached its contractual duty to remove snow from the sidewalks pursuant to Article IV, Section 3 of the master deed, which provides that the Association "shall be responsible for the maintenance, repair, replacement, and snow removal with respect to all sidewalks." Plaintiff further alleged that, as a direct and proximate result of this breach, she sustained injuries to her right leg, some of which were permanent. The trial court dismissed plaintiff's breach of contract claim, reasoning that the Association fulfilled its duty by contracting with Shakespeare to perform snow removal services. Because the Association delegated its responsibility to Shakespeare, the trial court concluded that the Association could not be liable for plaintiff's injuries.

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Construction, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2015). Condominium ownership in Michigan is governed by the Condominium Act, MCL 559.101 *et seq*. A condominium co-owner is "a person . . . who owns a condominium unit within [a] condominium project." MCL 559.106(1). "The administration of a condominium project shall be governed by bylaws recorded as part of the master deed, or as provided in the master deed." MCL 559.153.

As noted earlier, Article IV, Section 3 of the master deed expressly assigned to the Association responsibility for the "maintenance, repair, replacement and snow removal with respect to all sidewalks." As a party to an agreement, the Association had an enforceable contractual duty to perform as agreed. *Bloomfield Estates Improvement Ass'n, Inc v Birmingham*, 479 Mich 206, 212-213; 737 NW2d 670 (2007). Furthermore, "[t]he Condominium Act . . . recognizes that the condominium association is a separate legal entity that is capable of being sued." *Janini*, ___ Mich at ___; slip op at 6. Plaintiff and another resident testified that a mound of snow blocked the sidewalk where plaintiff fell while walking her dog. This evidence, viewed in the light most favorable to plaintiff, supports a finding that the Association failed to fulfill its contractual duty to maintain and clear the sidewalks.

---

[2] Having granted relief to plaintiff as to Count I, we need not address plaintiff's additional arguments concerning MCL 554.139, the Michigan Building Code, or the International Property Maintenance Code beyond observing that some risk of confusion is attendant to the sort of kitchen-sink pleading employed in this case.

The Association avers that it satisfied its obligations by delegating snow removal to Shakespeare. It relies on *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 510; 579 NW2d 411 (1998), for the proposition that an "obligor may delegate a contractual duty" that does not require personal performance. According to the Association, because the master deed did not require it to personally perform snow removal, it was free to delegate that responsibility to Shakespeare.

*UAW-GM* relied on Restatement (Second) of Contracts, § 318, p 19, to reach its conclusion. However, the Restatement goes on to clarify that "[u]nless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor." Here, there is no evidence that plaintiff agreed to relieve the Association of its obligations under the master deed. Moreover, the contract between the Association and Shakespeare does not contain language indicating that Shakespeare assumed the Association's duties to condominium owners; it merely sets conditions triggering snow removal services based on snowfall and temperature. Thus, the Association's delegation of snow removal duties to Shakespeare did not discharge its obligations under the master deed. The trial court erred by concluding that the Association's duty was satisfied merely by hiring Shakespeare.

The Association also contends that it cannot be held liable for Shakespeare's alleged negligence. However, plaintiff's claim against the Association sounds in breach of contract, not negligence. Plaintiff alleges that her injuries resulted from the Association's failure to fulfill its contractual duty to maintain the sidewalks, not from Shakespeare's negligent performance. See *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 333; 852 NW2d 180 (2014), vacated in part on other grounds 497 Mich 927 (2014).

Because the Association had an enforceable contractual duty to remove snow from the sidewalks, and because plaintiff, as a party to the master deed, had the right to enforce that obligation, the trial court erred by granting summary disposition on plaintiff's breach of contract claim. Genuine issues of material fact exist regarding whether the Association breached its duty and whether that breach caused plaintiff's injuries.

## C. NEGLIGENT PERFORMANCE OF A CONTRACT

We next turn to plaintiff's claim for negligent performance of a contract against the Association. The primary question is whether the Association owed plaintiff a duty that was independent of its contractual obligations. On this claim, we agree with the trial court that dismissal was appropriate.

Plaintiff claims that the Association had a duty independent of the master deed, and that the trial court erred in dismissing her negligent performance of a contract claim. Torts and contracts are "two types of civil wrongs." *In re Bradley Estate*, 494 Mich 367, 383; 835 NW2d 545 (2013). A contract claim arises from a breach of a contractual promise, while a tort claim arises from a breach of a duty imposed by law, independent of the contract. *Id*. at 382-383 n 34.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal

duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was the proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). A defendant cannot be held liable in tort without a duty owed to the plaintiff independent of any contractual obligations. *Id*. "While the mere existence of a contractual promise does not ordinarily provide a basis for a duty of care . . . , the existence of a contract also does not extinguish duties of care otherwise existing . . . ." *Id*. at 170 (cleaned up).

Plaintiff contends that the Association's possession and control of the premises imposed a duty of reasonable care. As discussed above, the Association did owe plaintiff, an invitee, a duty "to exercise reasonable care to protect [the invitee] from an unreasonable risk of harm caused by a dangerous condition on the land." *Kandil-Elsayed*, 512 Mich at 143 (cleaned up). However, that duty sounds in premises liability, not ordinary negligence or negligent performance of a contract.

Because "this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim," *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539 (1998), plaintiff's negligent performance claim is properly construed as duplicative of her premises liability claim (Count I). Although the trial court dismissed plaintiff's negligent performance claim on the grounds that no independent duty existed and that the Association fulfilled its duty by contracting with Shakespeare, the trial court reached the correct result, albeit for the wrong reason. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Because any duty the Association owed to plaintiff that was independent of the contract arises under premises liability—and not as a separate claim for negligent performance of a contract—we affirm the dismissal of this claim.

## IV. CLAIMS AGAINST SHAKESPEARE

Finally, plaintiff contends that the trial court erred by dismissing her negligent performance of a contract claim against Shakespeare. Because Shakespeare owed plaintiff a duty of ordinary care in performing its contractual obligations, and because material factual disputes exist, we reverse.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was the proximate cause of the plaintiff's damages." *Loweke*, 489 Mich at 162. A defendant cannot be held liable in tort absent a duty owed to the plaintiff that is independent of any contractual obligations. *Id*. "While the mere existence of a contractual promise does not ordinarily provide a basis for a duty of care to a third party in tort, the existence of a contract also does not extinguish duties of care otherwise existing . . . ." *Id*. at 170 (cleaned up).

"[A] party to a contract breaches a duty separate and distinct from the contract when it creates a new hazard that it should have anticipated would pose a dangerous condition to third persons." *Boylan v Fifty Eight Ltd Liability Co*, 289 Mich App 709, 721; 808 NW2d 277 (2010). For example, in *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703, 704; 532 NW2d

186 (1995), overruled on other grounds by *Smith v Globe Life Ins*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999), the plaintiff sued a snow removal contractor after slipping and falling in a Kmart parking lot. The plaintiff alleged that the contractor negligently moved snow to an area where it melted and refroze, creating an icy hazard. *Id*. The trial court granted the contractor's motion for summary disposition, finding that only the premises owner could be liable. *Id*. at 707. This Court reversed, holding that the snow removal contractor owed "a common-law duty to perform with ordinary care the things agreed to be done" and recognized a duty of care to third parties foreseeably injured by its negligent performance. *Id*. at 708.

Applying that reasoning here, Shakespeare agreed to perform snow removal services at the condominium complex. Plaintiff and another resident testified that the mound of snow at issue resulted from Shakespeare's plowing activities. As in *Osman*, Shakespeare had a common-law duty to perform its contractual obligations with ordinary care and could be held liable to third parties foreseeably injured by its negligent performance.

The trial court erred by characterizing plaintiff's claim against Shakespeare as sounding in premises liability rather than negligence. Shakespeare's duty arose not from possession or control of the premises, but from its performance of contractual obligations in a manner that allegedly created a foreseeable risk of harm to others. Because plaintiff presented evidence creating a genuine issue of material fact regarding Shakespeare's negligent performance, the trial court erred by granting summary disposition.[3]

## V. CONCLUSION

We affirm the trial court's dismissal of plaintiff's negligent performance of a contract claim against the Association. We reverse the dismissal of plaintiff's premises liability and breach of contract claims against the Association and plaintiff's negligent performance of a contract claim against Shakespeare. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman

---

[3] As with Count I, plaintiff's untitled Count IV against Shakespeare caused confusion regarding the legal theory being pursued. The trial court construed it as potentially raising a premises liability claim. However, Count IV is properly construed as a negligent performance of a contractual duty claim. Because we reverse the trial court's grant of summary disposition on this count, we need not address plaintiff's remaining arguments.