# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROBERTA LEE CIVELLO and PAUL CIVELLO,

      Plaintiffs-Appellants,

v

CHET'S BEST RESULTS LANDSCAPING LLC,

      Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324336
Wayne Circuit Court
LC No. 14-007078-NO

---

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs, Roberta Lee and Paul Civello, appeal as of right the trial court's October 7, 2014 order granting summary disposition in favor of defendant, Chet's Best Results Landscaping LLC, pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm.

## I. BACKGROUND

This case arises out of a slip and fall by plaintiff Roberta Lee Civello in a Wendy's Restaurant parking lot in Livonia, Michigan, in February 2014. Defendant is a landscaping and snow removal company that contracted with Wendy's Michigan Management Team to provide snow plowing services for several Wendy's restaurants, including the one in Livonia where Civello fell. The contract between Wendy's and defendant required defendant to plow the parking lot whenever there was an accumulation of two or more inches of snow. It expressly excluded salt services and the clearing of sidewalks on the property. It also expressly provided that defendant would not be responsible for damages of any kind resulting from injuries sustained due to slippery conditions that existed on the property. After Civello slipped and fell, she filed the instant lawsuit against defendant. In response, defendant moved for summary disposition pursuant to MCR 2.116(C)(8), and the trial court granted defendant's motion. This appeal followed.

## II. ANALYSIS

On appeal, plaintiffs argue that the trial court erred in granting summary disposition to defendant pursuant to MCR 2.116(C)(8) because it applied the incorrect standard of review, because it erroneously concluded that plaintiffs were not intended third-party beneficiaries, because it misconstrued *Fultz v Union-Commerce Assoc*, 470 Mich 460; 683 NW2d 587 (2004), and *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157; 809 NW2d 553 (2011),

-1-

and because it erroneously concluded that defendant did not owe a common-law duty of care to plaintiffs. We disagree in all respects.

## A. OUR STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). Likewise, "[w]hether a defendant owes a particular plaintiff a duty is a question of law that this Court reviews de novo." *Id*. "[S]ummary disposition is properly granted pursuant to MCR 2.116(C)(8) if it is determined as a matter of law that defendant owed no duty to the plaintiff." *Schneider v Nectarine Ballroom, Inc (On Remand)*, 204 Mich App 1, 4; 514 NW2d 486 (1994).

## A. STANDARD OF REVIEW APPLIED BY TRIAL COURT

First, plaintiffs argue that the trial court erred in granting summary disposition to defendant because it applied the incorrect standard of review. Specifically, plaintiffs claim that reversal is required because defendant cited the standard of review applicable to MCR 2.116(C)(10) in its brief in support of its motion for summary disposition. We disagree. While it is true that defendant mentioned MCR 2.116(C)(10) in the standard-of-review section of its brief in support of its motion for summary disposition before the trial court, it is apparent from the record that defendant moved for, and the trial court granted, summary disposition pursuant to MCR 2.116(C)(8). MCR 2.116(C)(8) appears in the same brief's title and prayer for relief, is discussed throughout the body of the brief, and was argued by both parties during oral argument. In granting defendant's motion, the trial court specifically referenced the fact that plaintiffs' lawsuit failed to state a justiciable claim. The fact that the trial court did not specifically name MCR 2.116(C)(8) in reaching its decision is inconsequential. Additionally, to the extent plaintiffs take issue with any discussion by defendant, the trial court, or this Court of the contract between defendant and Wendy's, in actions based on a written contract, i.e., plaintiffs' breach of contract claim, the written contract becomes part of the pleadings for purposes of review under MCR 2.116(C)(8). *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). Accordingly, we conclude that the trial court did not apply the incorrect standard of review.

## B. THIRD-PARTY BENEFICIARY

Next, plaintiffs argue that the trial court erred in granting summary disposition to defendant because it erroneously concluded that plaintiffs were not entitled to relief under a third-party-beneficiary theory. We disagree.

"A person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise directly to or for that person." *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 428; 670 NW2d 651 (2003), citing MCL 600.1405; *Koenig v South Haven*, 460 Mich 667, 677; 597 NW2d 99 (1999). The Legislature's use of the word "directly" demonstrates its intent to ensure that the contracting parties are aware that the scope of the contractual undertakings encompasses a third party. *Brunsell v City of Zeeland*, 467 Mich 293, 297; 651 NW2d 388 (2002). "Third-party beneficiary status requires an express promise to act to the benefit of the third-party[.]" *Dynamic Constr Co v Barton Malow Co*, 214 Mich App

425, 428; 543 NW2d 31 (1995). While the third party need not be specifically named, he or she must be a member of a class that is sufficiently described in the contract. *Brunsell*, 467 Mich at 297.

In this case, plaintiffs claim that they "are the intended beneficiaries to the contract" between defendant and Wendy's because the contract "was obviously entered into for the benefit of its patrons." This is simply untrue. Viewing the contract objectively, we conclude that defendant and Wendy's did not intend their contract to benefit plaintiffs as they contend. The contract between defendant and Wendy's does not indicate an intent to benefit patrons. Rather, it does the complete opposite—it expressly states that defendant is not responsible for any injuries or damages that result from the icy or slippery conditions of the property. Stated differently, "[t]here is nothing in the [contract between defendant and Wendy's] that specifically designates plaintiff (or any reasonably identified class) as an intended beneficiary of the promise. Accordingly, as explained in the lead opinion in *Koenig*, plaintiff cannot be considered an intended third-party beneficiary under MCL 600.1405[.]" *Brunsell*, 467 Mich at 298. Therefore, we conclude that the trial court correctly determined that plaintiffs were not entitled to relief under a third-party beneficiary theory.

## C. COMMON LAW DUTIES & THE *FULTZ* AND *LOWEKE* DECISIONS

### 1. THE *FULTZ* AND *LOWEKE* DECISIONS

Plaintiffs also argue that the trial court erred in granting summary disposition to defendant because it misconstrued our Supreme Court's decisions in *Fultz* and *Loweke*. We disagree.

In *Fultz*, our Supreme Court was presented with a factual scenario that is strikingly similar to the one presented in this case. A woman slipped and fell while walking through a snow- and ice-covered parking lot. 470 Mich at 462. At the time she fell, the parking lot owner had previously entered into a contract with a company to provide snow and salt services. *Id*. The woman sued the company, not the parking lot owner, for negligence. *Id*. A jury eventually found that the company negligently failed to perform its duties under the contract with the parking lot owner, and this Court affirmed the jury's verdict. *Id*. Our Supreme Court reversed. *Id*. at 470. It concluded that, because the company did not owe the woman a duty that was separate and distinct from its contractual promises to the parking lot owner, tort liability could not exist. *Id*. at 468-470.

In *Loweke*, our Supreme Court was presented with a factual scenario that is somewhat different than the one presented in this case; however, its implications remain the same. An employee of an electrical subcontractor was injured when several cement boards leaning against a wall fell on him while working. 489 Mich at 159. The boards that fell on the injured employee were leaned against the wall by a second subcontractor's employees, and the injured employee sued that second subcontractor. *Id*. The second subcontractor moved for summary disposition, arguing that it owed no duty to the injured employee under *Fultz*. *Id*. Our Supreme Court, taking that "opportunity to clarify *Flutz*'s 'separate and distinct' mode of analysis," held "that a contracting party's assumption of contractual obligations does not extinguish or limit separately existing common-law or statutory tort duties owed to noncontracting third parties in the

performance of the contract." *Id*. (citation and internal quotation marks omitted). Because the injured employee's claim was not solely based on the second subcontractor's failure to perform its contractual obligations, summary disposition under *Fultz* was inappropriate. *Id*. at 171-172.

On appeal, plaintiffs claim, in essence, that these decisions are distinguishable from this case in a major way—those cases involve torts, and plaintiffs' case "is a clear breach of contract claim" and "not based on 'tort.' " We find this curious, especially in light of the fact that the very next argument section in their brief is entitled as follows: "The trial court erred in not finding that the Appellee also had a common law duty to [plaintiffs]." It seems that plaintiffs desire this case to solely involve a breach-of-contract claim for purposes of avoiding summary disposition based on tort law as well as desire this case to solely involve a tort claim for purposes of avoiding summary disposition based on contract law. Either way, we find their arguments unpersuasive.

If plaintiffs' claim is purely a breach of contract action, it fails as a matter of law. As discussed above, plaintiff has failed to state a justiciable claim as a third-party beneficiary, and plaintiffs assert no additional contract theory to support their position. The *Fultz* and *Loweke* decisions have no impact on this result. Indeed, as our Supreme Court expressly recognized in *Loweke*, a third-party beneficiary claim is a separate and distinct claim under *Fultz*. 489 Mich at 166-167 ("Thus, because the plaintiff did not claim that she was a third-party beneficiary of the contract between the defendant and the premises owner . . . the plaintiff failed to plead a duty owed to her that was independent, or 'separate and distinct,' from the defendant's contractual duty . . . ."). This is precisely what the trial court concluded: "I also don't believe that there is a claim for a third-party beneficiary[.]" It did not apply, much less misconstrue, *Fultz* or *Loweke* to plaintiffs' breach of contract claim. Accordingly, as stated above, we conclude that the trial court correctly found that plaintiffs were not entitled to relief under a third-party beneficiary theory.

2. COMMON-LAW DUTIES

The trial court did, however, apply the reasoning of *Fultz* and *Loweke* to tort, not contract, theories raised by plaintiffs. On appeal, in rather confusing fashion, plaintiffs appear to argue "[t]he contractual obligations created a duty towards Wendy's restaurant" under common law. This is precisely the type of argument that was rejected in *Fultz* and *Loweke*. Plaintiffs also argue that defendant assumed various duties imposed on Wendy's under the International Property Maintenance Code and the Building Officials and Code Administrators National Building Code. Plaintiffs provide no legal authority to support that position. Moreover, aside from their unsupported claims that defendant "assumed" these various duties, there is absolutely nothing in the record to support their position. A party's failure to adequately support his or her argument with factual and legal citation results in abandonment of that argument. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). Furthermore, even if it were adequately supported, plaintiffs' argument is simply untrue. Accordingly, we conclude that the trial court correctly concluded that defendant did not owe plaintiffs various common-law duties that are imposed on Wendy's.

III. CONCLUSION

In sum, because the trial court did not apply the incorrect standard of review, because the trial court correctly concluded that plaintiffs were not entitled to relief under a third-party beneficiary theory, because the trial court did not misconstrue the *Fultz and Loweke* decisions to plaintiffs' third-party beneficiary claim, and because the trial court correctly concluded that defendant did not owe plaintiffs various common-law duties that are imposed on Wendy's, summary disposition was proper. We therefore affirm the trial court's October 7, 2014 order granting summary disposition to defendant pursuant to MCR 2.116(C)(8).

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien