**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 14, 2004**

SANDRA GAIL FULTZ and OTTO FULTZ,

    Plaintiffs-Appellees,

v                                  No. 121613

UNION-COMMERCE ASSOCIATES,
COMM-CO EQUITIES, NAMER JONNA,
ARKAN JONNA, LAITH JONNA, MOHSIN
KOUZA, and GLADYS KOUZA,

Defendants,

and

CREATIVE MAINTENANCE, LTD.,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

CORRIGAN, C.J.

This case arises from an injury that plaintiff Sandra Fultz sustained when she slipped and fell on an icy parking lot owned by defendant Comm-Co Equities (Comm-Co). We reverse the Court of Appeals decision holding a snow removal contractor, defendant Creative Maintenance Limited (CML), responsible for plaintiff's injury on the basis of its alleged failure to plow or salt the parking lot. The injured plaintiff has no

cause of action against CML because it breached no duty owed to plaintiff. The injured plaintiff's husband filed a loss of consortium claim. Because this claim is derivative of her cause of action, this claim necessarily fails as well. Plaintiff's remedy lies solely against the premises owner. The threshold question for negligence claims brought against a contractor on the basis of a maintenance contract between a premises owner and that contractor is whether the contractor breached a duty separate and distinct from those assumed under the contract. Because the contractor in this case, CML, owed no duty to plaintiff, her claim fails. The Court of Appeals thus erred in affirming the jury verdict for plaintiff. Accordingly, we reverse the judgment of the Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff fell and injured her ankle while walking across defendant Comm-Co's snow- and ice-covered parking lot. Defendant CML had previously entered an oral contract with defendant Comm-Co to provide snow and salt services for the lot. At the time plaintiff fell, CML had not plowed the lot in

2

approximately fourteen hours and had not salted the parking lot.

Plaintiff sued Comm-Co and CML for negligence. The trial court entered a default judgment against defendant Comm-Co, which is not a party to this appeal. The jury found no breach of the oral contract between defendants CML and Comm-Co, but awarded plaintiff compensatory damages after finding that defendant CML had been negligent by failing to perform under the contract and that CML's negligence was the proximate cause of plaintiff's injuries.

The Court of Appeals affirmed the jury's verdict. It held that *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703; 532 NW2d 186 (1995), compelled the conclusion that defendant CML owed a common-law duty to provide the contracted snow removal service in a reasonable manner. The Court of Appeals further concluded that CML breached this duty by failing to perform its contractual obligation.

We granted defendant CML's application for leave to appeal limited to two issues: (1) whether plaintiff can establish a duty owed her arising from a contract to which she was not a party and (2) whether

a landowner's defenses are available to a contractor acting for the landowner.  468 Mich 882 (2003).

We need not reach the second question regarding defenses because we hold, as a matter of law, that defendant owed no contractual or common-law duty to plaintiff to plow or salt the parking lot.

## II. STANDARD OF REVIEW

Whether defendant CML owed a duty to plaintiff is a question of law.  We review de novo questions of law.  *Byker v Mannes*, 465 Mich 637, 643; 641 NW2d 210 (2002).

## III. DISCUSSION AND ANALYSIS

It is well-established that a prima facie case of negligence requires a plaintiff to prove four elements:  duty, breach of that duty, causation, and damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000); *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96 n 10; 485 NW2d 676 (1992). The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff.  "It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff." *Beaty v Hertzberg & Golden, PC,* 456 Mich 247, 262, 571 NW2d 716 (1997).

4

Plaintiff does not claim that any statute or ordinance imposes a duty on CML to maintain the parking lot where she was injured, nor does she claim that she was a third-party beneficiary of the contract between defendant CML and the premises owner. She contends instead that defendant CML, by contracting to plow and salt the parking lot, owed a common-law duty to plaintiff to exercise reasonable care in performing its contractual duties. Plaintiff further alleges that defendant's failure to plow or salt the parking lot breached that duty under the common-law tort principles expressed in Restatement Torts, 2d, § 324A:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect [sic, perform][1] his undertaking, if
>
> * * *
>
> (b) he has undertaken to perform a duty owed by the other to the third person. . . .

Michigan courts have accepted the Restatement of Torts, 2d, § 324A, as an accurate statement of Michigan law and used the principles stated above in

---

[1]This is evidently a typographical error.

analyzing plaintiffs' claims in the past. See, e.g., *Smith v Allendale,* 410 Mich 685; 303 NW2d 702 (1981);, *Callesen v Grand Trunk W R Co,* 175 Mich App 252; 437 NW2d 372 (1989), *Cleveland Cunningham v Continental Cas Co,* 139 Mich App 238; 361 NW2d 780 (1984), *Staffney v Michigan Millers Mut Ins Co,* 140 Mich App 85; 362 NW2d 897 (1985), *Schanz v New Hampshire Ins Co,* 165 Mich App 395; 418 NW2d 478 (1988).

While these opinions have endorsed § 324A, they must not be invoked uncritically or without regard to limiting principles within our case law. As we stated in *Smith, supra* at 713:

> Unlike a statute which expresses a legislative directive for the treatment of future cases, the Restatement seeks primarily to distill the teachings of decided cases and is descriptive. . . . Even where a particular Restatement section has received specific judicial endorsement, cases where that section is invoked must be decided by reference to the policies and precedents underlying the rule restated.

Thus, we must reconcile the principles expressed in § 324A with our case law that limits their breadth.

If one voluntarily undertakes to perform an act, having no prior obligation to do so, a duty may arise to perform the act in a nonnegligent manner. *Home Ins Co v Detroit Fire Extinguisher Co, Inc,* 212 Mich App 522, 529; 538 NW2d 424 (1996); *Osman, supra*; Keeton,

6

Prosser & Keeton, Torts, § 56, pp 380-381 (5th ed, 1984).

We described this common-law duty in *Clark v Dalman*, 379 Mich 251; 150 NW2d 755 (1967):

> Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. . . .
>
> * * *
>
> Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part. Moreover, while this duty of care, as an essential element of actionable negligence, arises by operation of law, it may and frequently does arise out of a contractual relationship, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract. [*Id.* at 260-261.]

In defining the contours of this common-law duty, our courts have drawn a distinction between misfeasance (action) and nonfeasance (inaction) for tort claims based on a defendant's contractual obligations. We have held that a tort action will not lie when based solely on the nonperformance of a contractual duty. See *Hart v Ludwig*, 347 Mich 559; 79 NW2d 895 (1956); *Chase v Clinton Co*, 241 Mich 478; 217

7

NW 565 (1928); *Churchill v Howe*, 186 Mich 107; 152 NW 989 (1915).

This Court described the nonfeasance/misfeasance dichotomy in *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 498-499; 418 NW2d 381 (1988):

> In determining standards of conduct in the area of negligence, the courts have made a distinction between misfeasance, or active misconduct causing personal injury, and nonfeasance, which is passive inaction or the failure to actively protect others from harm. The common law has been slow in recognizing liability for nonfeasance because the courts are reluctant to force persons to help one another and because such conduct does not create a new risk of harm to a potential plaintiff. Thus, as a general rule, there is no duty that obligates one person to aid or protect another.

In *Hart*, *supra* at 564-565, this Court opined that the misfeasance/nonfeasance distinction is often largely semantic and somewhat artificial:

> The division thus made, between misfeasance, which may support an action either in tort or on the contract, and the nonfeasance of a contractual obligation, giving rise only to an action on the contract, is admittedly difficult to make in borderland cases. There are, it is recognized, cases in which an incident of nonfeasance occurs in the course of an undertaking assumed. Thus a surgeon fails to sterilize his instruments, an engineer fails to shut off steam, a builder fails to fill in a ditch in a public way. These are all, it is true, failures to act, each disastrous detail, in itself, a "mere" nonfeasance. But the significant similarity relates not to the slippery distinction

8

between action and nonaction but to the fundamental concept of "duty"; in each a situation of peril has been created, with respect to which a tort action would lie without having recourse to the contract itself. [Citations omitted.]

We believe the "slippery distinction" between misfeasance and nonfeasance of a duty undertaken obscures the proper initial inquiry: Whether a particular defendant owes any duty at all to a particular plaintiff.

This Court and the Court of Appeals have defined a tort action stemming from misfeasance of a contractual obligation as the "violation of a legal duty separate and distinct from the contractual obligation." *Rinaldo's Constr Corp v Michigan Bell Tel Co*, 454 Mich 65, 84; 559 NW2d 647 (1997); see, also, e.g., *Ferrett v Gen Motors Corp,* 438 Mich 235, 245; 475 NW2d 243 (1991); *Sherman v Sea Ray Boats, Inc,* 251 Mich App 41, 48; 649 NW2d 783 (2002).

We believe that the "separate and distinct" definition of misfeasance offers better guidance in determining whether a negligence action based on a contract and brought by a third party to that contract may lie because it focuses on the threshold question of duty in a negligence claim. As there can be no breach of a nonexistent duty, the former

9

misfeasance/nonfeasance inquiry in a negligence case is defective because it improperly focuses on whether a duty was breached instead of whether a duty exists at all.

Accordingly, the lower courts should analyze tort actions based on a contract and brought by a plaintiff who is not a party to that contract by using a "separate and distinct" mode of analysis. Specifically, the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie.[2]

Applying that analysis here, the Court of Appeals erred in affirming the jury verdict and in holding that "evidence suggested that [CML] engaged in misfeasance distinct from any breach of contract."

---

[2] This understanding is entirely consistent with the hypothetical example set out in Justice KELLY's concurring opinion. The hypothetical plaintiff described in the concurrence would have no need to pursue a cause of action on a third-party beneficiary theory because that plaintiff would have a direct cause of action against the premises owner who owed a duty to maintain a safe premises. The premises owner could then seek indemnification from the contractor for breach of a contractual duty. Thus, the concurrence's concern regarding this hypothetical plaintiff is unwarranted.

10

Unpublished opinion per curiam, issued March 19, 2002 (Docket No. 224019), p 6. In truth, plaintiff claims CML breached its contract with defendant Comm-Co by failing to perform its contractual duty of plowing or salting the parking lot.[3] She alleges no duty owed to her independent of the contract. Plaintiff thus fails to satisfy the threshold requirement of establishing a duty that CML owed to her under the "separate and distinct" approach set forth in this opinion.[4]

As noted earlier, the Court of Appeals relied on *Osman* to hold that CML owed a duty to plaintiff to fulfill its contractual obligation with defendant Comm-Co. The Court of Appeals reliance on this case was misplaced.

---

[3] The jury, however, found no breach of contract.

[4] Plaintiff's claim fails using a misfeasance/nonfeasance analysis, as well because she alleges that CML committed nonfeasance by failing to perform its snow removal obligation at all. Because no special relationship exists between the parties in this case, and therefore defendant owed no duty to make safe the parking lot where plaintiff was injured, defendant CML's nonfeasance of its contractual obligation cannot satisfy the threshold requirement of establishing a duty owed to plaintiff under either the former misfeasance/nonfeasance dichotomy or the "separate and distinct" approach set forth in this opinion.

11

Like the plaintiff here, the plaintiff in *Osman* was injured when she fell on a patch of ice. Also, like the defendant here, the defendant in *Osman* had contracted to provide snow removal services to the premises owner. In that case, however, the defendant had breached a duty separate and distinct from its contractual duty when it created a *new* hazard by placing snow

> on a portion of the premises when it knew, or should have known or anticipated, that the snow would melt and freeze into ice on the abutting sidewalk, steps, and walkway, thus posing a dangerous and hazardous condition to individuals who traverse those areas. [*Osman, supra* at 704.]

Here, the Court of Appeals stated that given the snowy conditions on the day that plaintiff was injured

> [CML] had a duty to use reasonable care in removing dangerous ice and snow, which was distinct from its obligations under its contract with Comm-Co. Moreover, the evidence suggested that Creative Maintenance breached that duty when it did not take reasonable steps to remove or prevent the icy conditions that caused plaintiff's fall. [Slip op, p 7, (citations omitted; emphasis supplied.)]

In this case, the Court of Appeals analysis is flawed because defendant CML's failure to carry out its snow-removal duties owed to defendant created no new hazard to plaintiff. Thus, plaintiff alleges no duty owed to her by defendant CML separate and

12

distinct from its contract with defendant Comm-Co. CML could not logically breach a duty that it did not owe. The Court of Appeals erred in holding that defendant CML was responsible for plaintiff's injuries solely on the basis of the contract between defendants CML and Comm-Co.

## IV. CONCLUSION

To summarize, if defendant fails or refuses to perform a promise, the action is in contract. If defendant negligently performs a contractual duty or breaches a duty arising by implication from the relation of the parties created by the contract, the action may be either in contract or in tort. In such cases, however, no tort liability arises for failing to fulfill a promise in the absence of a duty to act that is separate and distinct from the promise made.

We conclude in this case that, as a matter of law, CML owed plaintiff no duty. Accordingly, we reverse the judgment of the Court of Appeals.

Maura D. Corrigan
Elizabeth A. Weaver
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

13

SANDRA GAIL FULTZ and OTTO FULTZ,

    Plaintiffs-Appellees,

v                                                        No. 121613

UNION-COMMERCE ASSOCIATES,
COMM-CO EQUITIES, NAMER JONNA,
ARKAN JONNA, LAITH JONNA, MOHSIN
KOUZA, and GLADYS KOUZA,

    Defendants,

and

CREATIVE MAINTENANCE, LTD.,

    Defendant-Appellant.

_____

KELLY, J. (*concurring*).

I agree with the majority that the appellant, Creative Maintenance, Ltd., did not owe a duty to plaintiff Sandra Fultz. However, I cannot agree with some of the majority's rationale used in reaching this result.

The issue is whether a duty exists. The majority opinion attempts to resolve it by recognizing the continued validity of Restatement Torts, 2d, § 324A.[1] The opinion

_____

[1] Section 324A provides:

(continued…)

first appears to analyze this case under Restatement Torts, 2d, § 324A(b). Ultimately, however, it rejects this provision. Instead, it limits the existence of tort liability that runs to persons not parties to a contract to situations where a duty arises "separate[ly] and distinct[ly]" from the duty owed under the contract. I read this as a conclusion that a nonparty to the contract can recover in tort only for damages arising out of situations covered by § 324A(a). The majority appears to ignore the situations outlined in § 324A(b) and (c). Therefore, I disagree with the limitations that the majority imposes on the existence of a duty.

---

(…continued)

      One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect [sic] his undertaking, if

      (a) his failure to exercise reasonable care increases the risk of such harm, or

      (b) he has undertaken to perform a duty owed by the other to the third person, or

      (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

2

THE MAJORITY'S INTERPRETATION IS OVERLY EXPANSIVE

The majority notes[2] that this Court and the Court of Appeals have developed tests for deciding whether an action lies in breach of contract rather than in tort. The majority also observes[3] that this Court and the Court of Appeals have defined a tort action stemming from misfeasance in terms of whether the "plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation." *Rinaldo's Constr Corp v Michigan Bell Tel Co*, 454 Mich 65, 84; 559 NW2d 647 (1997). However, after reviewing the cases cited by the majority, I conclude that it is taking a more expansive view of that definition than has been taken previously.

The existence of a "duty separate and distinct from the contractual obligation,"[4] has been identified historically as a dividing line between tort and contract obligations. Thus far, however, this rule has been applied only to disputes involving the parties to a contract. In those cases, the one harmed by a breach of the contract could not recover both in contract and in tort.

---

[2] *Ante,* pp 7-8.

[3] *Ante*, pp 9-10.

[4] *Id.*

3

All the cases that the majority cites[5] involve a duty allegedly separate from a contract. In *Hart*,[6] the Court determined whether the plaintiff could maintain an action in tort against the defendant for failing to adequately care for the plaintiff's orchard. The parties had an oral contract. *Sherman*[7] involved a plaintiff who filed a complaint against a boat manufacturer arising from a contract to sell a boat. See also *Rinaldo's,* 454 Mich 79-80, *Ferrett v Gen Motors Corp,* 438 Mich 235; 475 NW2d 243 (1991), *Chase v Clinton Co,* 241 Mich 478, 479-480; 217 NW 565 (1928), and *Churchill v Howe,* 186 Mich 107; 152 NW 989 (1915).

In each of these cases, the plaintiff and the defendant were parties to a contract. It was necessary for each court to determine whether a breach of the contract could give rise to a separate tort duty. It was necessary to identify what theory of recovery applied as well as what damages were recoverable.

However, this case is different. The contract involved is not between Creative Maintenance and Fultz. As

---

[5] *Ante,* pp 8-10.

[6] *Hart v Ludwig*, 347 Mich 559, 560; 79 NW2d 895 (1956).

[7] *Sherman v Sea Ray Boats*, Inc, 251 Mich App 41; 649 NW2d 783 (2002).

a consequence, I am not convinced that the law the majority invokes should be extended to this situation.

The use of a "separate and distinct" test to determine whether a duty in tort arises independently of the contract may have appeal. However, it fails where the contract itself outlines a specific duty to protect third persons.

A HELPFUL HYPOTHETICAL EXAMPLE

By way of example, assume that a building owner hires a contractor to patch the building's crumbling façade to avoid injury to those passing near it. The contract explicitly states that the purpose of the contract is to protect the public from harm and that the contractor undertakes this duty. Nevertheless, the contractor misjudges the extent of the building's deterioration and uses inadequate repair methods that, although not increasing the risk of falling materials, do not make the facade safe. Assume, moreover, that a member of the public sues the contractor, claiming harm from a failure to protect after being injured when a portion of the facade falls on him. To satisfy the majority's test, the contractor must owe a duty to the plaintiff that is separate and distinct from his contractual obligations. In this hypothetical case, application of the majority's test would result in a finding of no cause of action for the

5

member of the general public.  This is incongruous because it is the general public that the contract was designed to protect.

It could be argued that a member of the public might still sue as a third-party beneficiary of the contract. However, this Court has recently stated that Michigan law does not empower incidental beneficiaries to enforce a contract.  *Koenig v South Haven*, 460 Mich 667, 679-680; 597 NW2d 99 (1999) (opinion by Taylor, J.); *Schmalfeldt v North Pointe Ins Co,* 469 Mich 422, 427-428; 670 NW2d 651 (2003); MCL 600.1405.  Rather, a person can be a third-party beneficiary of a contract only when the promisor undertakes an obligation "directly" to or for that person. *Koenig*, *supra*; *Schmalfeldt*, *supra*.

In *Koenig*, the author of the lead opinion wrote: "[T]his Court has adopted the persuasive rule that a third-party beneficiary 'may be one of a class of persons, if the class is sufficiently described or designated.'" *Koenig*, *supra* at 680 (citations and emphasis omitted).  But the benefit of such a contract cannot run to a member of the general public. *Id.; Schmalfeldt, supra* at 428.

Therefore, in the hypothetical case, a third-party member of the public could not recover from the actual tortfeasor either under the contract or in tort.  I do not

6

agree with this proposition. It is particularly distressing because the majority's new analysis of these claims could leave innocent persons without recourse to redress their injuries. Such persons may be precluded from recovering either from the tortfeasor or from the tortfeasor's employer.

In cases in which the jury assigns one hundred percent of the fault to the contractor, plaintiffs will have no recovery. MCL 600.2957(1) requires the jury to assess the percentage of fault by "consider[ing] the fault of each person, regardless of whether the person is, or could have been, named as a party to the action." Thus, while the contractor does not owe any duty to the plaintiff, the premises owner's liability will be determined according to the jury's allocation of fault.

So, an innocent plaintiff, whose injury results entirely from the negligence of a contractor, will recover nothing from the premises owner. She will also have no cause of action against the contractor because the contractor owes no duty to the plaintiff. Rather than adopt the majority's new test, I would recognize that in certain circumstances a duty under tort can arise solely from a contractual obligation.

7

The facts of this case, as noted by the majority, are distinct from those in *Osman v Summer Lawn Care, Inc*, 209 Mich App 703; 532 NW2d 186 (1995). *Ante*, p 12. In *Osman*, the defendant created a hazard by placing snow on a sidewalk, walkway, and steps where it should have known snow would melt and freeze into ice. However, the defendant's actions there gave rise to a tort claim under the theory embodied in Restatement Torts, 2d § 324A(a), not under the theory in § 324A(b).

The latter subsection contemplates a situation in which the defendant assumes the duty owed by the other contracting party. The majority ignores this subsection in its decision to require a duty "separate and distinct" from the contract.

CONCLUSION

Plaintiff maintains that the Court of Appeals was correct when it found that a duty separate from the contract was at issue in the instant case. However, plaintiff assumes that every agreement to undertake a task for another equates to an agreement to undertake the duty owed by the other to a third person. This is not accurate.

Such a comprehensive assumption of duty has been described in at least one jurisdiction as a case "where the contracting party has entirely displaced the other party's

8

duty to maintain the premises safely . . . ." *Espinal v Melville Snow Contractors*, Inc 98 NY2d 136, 140; 773 NE2d 485 (2002).

At the least, to undertake a duty pursuant to § 324A(b), the contracting party must clearly have agreed to fulfill the other party's obligation, together with the inherent responsibilities and potential liabilities. Such an agreement would meet the reasonable expectations of the contracting parties. It would also allow the plaintiffs an avenue of recovery where the duty to act is not necessarily separate and distinct from the duties spelled out in the contract itself.

Here, there is no evidence that the contract between Creative Maintenance and the shopping center contemplated that Creative would assume the duties that the center owed to the center's business invitees. Thus, Fultz failed to establish that Creative Maintenance owed her a duty under § 324A(b).

Accordingly, I concur with the result reached by the majority.

                    Marilyn Kelly
                    Michael F. Cavanagh