# Order

Michigan Supreme Court
Lansing, Michigan

April 5, 2013

145887

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

THOMAS LaMEAU, Personal Representative of
the Estate of John M. Crnkovich,
         Plaintiff-Appellee,

v

CITY OF ROYAL OAK, DETROIT EDISON
COMPANY, ELDEN DANIELSON, and
BRYAN WARJU,
         Defendants-Appellees,
and

GAGLIO PR CEMENT CORPORATION,
         Defendant-Appellant.

SC: 145887
COA: 289947
Oakland CC: 2007-083761-NO

_____/

On order of the Court, the application for leave to appeal the August 21, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Plaintiff's decedent was fatally injured when he illegally drove his motorized scooter down a closed sidewalk still under construction at a high rate of speed late at night with no light on his scooter while he was drunk and high on marijuana and collided with a guy wire located above the sidewalk. Plaintiff argues that defendant Gaglio PR Cement Corporation, by paving the sidewalk under a city contract, breached a duty to the decedent and should be held responsible for his death. I would reverse the judgment of the Court of Appeals and remand to the trial court for entry of an order granting summary disposition to defendant.

Defendant entered into a contract with the city of Royal Oak to pave a sidewalk. The lower courts correctly recognized that a third party to a contract cannot recover for negligence unless "the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." *Fultz v Union-Commerce Assoc*, 470 Mich 460, 467 (2004). They also correctly recognized that a "separate and distinct" duty will arise when the party rendering performance under a contract creates a "new hazard." *Id.* at 469; *Hill v Sears, Roebuck & Co*, 492 Mich 651, 671 (2012). However, I believe that the lower courts erred by holding that there are genuine issues of material fact regarding whether defendant's performance under the contract in this case created a "new

hazard," and thus that defendant owed a duty to the plaintiff's decedent that was "separate and distinct" from defendant's contractual obligations.

The trial court did not provide any explanation for its finding that there are genuine issues of material fact regarding whether defendant's performance under the contract created a "new hazard." The Court of Appeals held that "[a]lthough there was evidence that the previously unpaved area was already being used by pedestrians, the construction of a sidewalk expanded the foreseeable uses of the pathway and created the impression that it was safe for uses commonly associated with a sidewalk, such as travel by bicycle or certain motorized conveyances," and thus "[t]he trial court did not err in concluding that plaintiff's negligence claim was based on a duty separate and distinct from defendant's obligations under its contract with the city." *LaMeau v Royal Oak*, unpublished opinion per curiam of the Court of Appeals, issued August 21, 2012 (Docket No. 289947), p 5. I respectfully disagree. To begin with, defendant, by merely paving the sidewalk, could not have possibly created the impression that it was somehow appropriate to operate a motorized scooter on the sidewalk because MCL 750.419 expressly outlaws the operation of motorized scooters on sidewalks, as also does common sense. Even more to the point, by merely paving the sidewalk, defendant most certainly did not create the impression that it would be safe to illegally drive a motorized scooter down that sidewalk at a high rate of speed late at night with no lights while drunk and high on marijuana.

Finally, in concluding that defendant, by paving the sidewalk, somehow "created the impression" that the sidewalk was safe for travel and thus created a "new hazard," the Court of Appeals altogether ignored the fact that defendant placed barricades around the area of the sidewalk where the guy wire was located. Indeed, defendant posted some 30 safety barricades of varying kinds around the area, including fencing, barrels, and cones. The barrels had safety lights attached that were automatically activated when it became dark. Caution tape was strung so that people could not pass through, and flags were hung from the guy wire, which was already sheathed in a bright yellow covering. Defendant drove by this site nearly every day to check on the barricades and to put them back in place after they were unlawfully moved by unknown persons. The Court of Appeals did not consider any of this evidence because it held that "issues involving defendant's efforts to avoid or limit the creation of the hazard, or to warn or guard the public from the hazard, relate to whether defendant breached its duty of care, not the existence of a duty in the first instance." *LaMeau*, unpub op at 6. Again, I respectfully disagree. The fact that defendant barricaded the area directly contradicts the Court of Appeals' holding that defendant, by paving the sidewalk, "created the impression" that the sidewalk was safe for travel and thus created a "new hazard," and this was the Court of Appeals' sole ground for concluding that defendant had created a "new hazard." Because defendant did not "create the impression" that the sidewalk was safe for travel or in any other way create a "new hazard," defendant did not owe a duty to the decedent that is "separate and distinct" from defendant's contractual obligations to the city.

Once again, defendant merely paved a sidewalk and erected barricades as it was contractually obligated to do by the city. The *city* made the decision to build the sidewalk, even after being informed about the potential risks of the guy wire. And the *Detroit Edison Company*, the owner of the guy wire, failed to remove it, even after being instructed to do so by the city. And unknown *third parties* unlawfully moved the barricades. And the *decedent* is the one who chose to illegally drive his motorized scooter down the closed sidewalk at a high rate of speed late at night with no light on his scooter while he was drunk and high on marijuana.

Defendant Gaglio Cement here did nothing wrong, and should not be held liable for the actions and inactions of others. Defendant was not the one that made the decision to build the sidewalk before the guy wire had been removed; it was not the one that failed to remove the guy wire; it was not the one that unlawfully moved the barricades; and it was not the one that illegally drove a motorized scooter down the closed sidewalk at a high rate of speed late at night with no lights while drunk and high on marijuana. Some combination of these actions and inactions are what caused the tragic accident in this case, not Gaglio Cement's faithful performance of its contractual obligation to pave a sidewalk. The tort system of this state, and the duties that it imposes on persons and businesses, are predicated on traditional notions of individual responsibility and personal accountability. In my judgment, Gaglio Cement cannot reasonably be found to have breached either of these standards in this case.

The Court of Appeals' decision involves more than the application of traditional tort principles to a new set of facts. Rather, it has effectively imposed a new burden on contractors, one with respect to which they must not only ensure that they do not perform their own contractual obligations negligently, but apparently must also ensure that the party with whom they have contracted has not performed *its* obligations negligently. What distinguishes this case from one in which the contractor who paves the highway is held responsible for the design defect in the city's highway plan that leads to an injury? And what distinguishes this case from one in which the contractor who lays the rug, or places the tile, in the public building according to the state's specifications is held responsible for the design defect in the state's building plan that leads to an injury? In light of governmental immunity laws that protect public entities themselves from these types of lawsuits, it seems likely that injured parties will look increasingly to hold private contractors responsible in such circumstances despite their total lack of involvement in

the formulation and design of such projects. Because I would not redefine the duties and liabilities of contractors in this manner, I respectfully dissent.

KELLY, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 5, 2013

Clerk

t0402