*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEANNE DZIEWIT and JOSEPH DZIEWIT,

　　　　　Plaintiffs-Appellants,

v

MEIJER INC,

　　　　　Defendant-Appellee.

UNPUBLISHED
September 21, 2023

No. 362415
Macomb Circuit Court
LC No. 2021-003377-NO

Before: GADOLA, P.J., AND MURRAY AND MALDONADO, J.J.

PER CURIAM.

Plaintiffs, Jeanne and Joseph Dziewit, appeal as of right the trial court's order granting summary disposition to defendant, Meijer Inc., under MCR 2.116(C)(10), of plaintiffs' claims of premises liability, negligence, and loss of consortium. We vacate the trial court's order and remand for further proceedings.

## I. FACTS

This lawsuit arises from Jeanne Dziewit's slip-and-fall at defendant's grocery store in Sterling Heights. On July 1, 2021, Jeanne was pushing a shopping cart while shopping at defendant's store. She testified that her cart was full and the items in her cart obstructed her view of the floor. When she walked by an approximately 4-foot-by-4-foot display of watermelons on a pallet, Jeanne slid and fell. She testified that she stepped in liquid on the floor that caused her to slip.

Two yellow safety pylons were present in the area; however, plaintiffs alleged that as Jeanne approached the watermelon display the pylons were obstructed from her view by the display and her shopping cart. Jeanne testified that she could not recall where she was looking right before she fell, but that after she fell she saw the pylons located around the corner of the display from where she fell. She further testified that later that evening she noticed a "dried pink substance" on her pants that she believes was watermelon juice.

Jeanne reported her fall to defendant's service team leader. After talking to Jeanne, the service team leader checked the floor where Jeanne had fallen and reported that the floor appeared

to be dry. The report stated that there were two caution signs "right next to" the fall location. According to defendant's surveillance video, shortly after 7:20 p.m. on that day an individual who appears to be a store employee arranged the watermelon display, then mopped the floor around the display. He then placed a safety pylon to the right of the watermelon box and placed a second pylon to the left of the first. During the next 40 minutes, several customers walked near the pylons and the watermelon display without incident.

At 8:03 p.m., Jeanne appears in the footage, pushing her cart toward the pylons and watermelon display. Contrary to a diagram Jeanne later drew of the scene, Jeanne approached the watermelon display on the side where the pylons were located. Although in the video Jeanne is somewhat obscured from the camera by other customers at the moment of her fall, the video thereafter shows Jeanne getting up from the floor. As she stands up, the video shows Jeanne directly next to the second pylon. Jeanne stands near the watermelon display briefly before walking away with her cart. Thereafter, multiple customers are seen passing the watermelon display without slipping or falling.

Plaintiffs filed a complaint alleging claims of negligence, premises liability, and loss of consortium. Plaintiffs alleged that Jeanne suffered injuries as a result of her fall, which required surgery and caused pain and disability. Defendant moved for summary disposition under MCR 2.116(C)(10), contending that plaintiffs' claim arose from an alleged condition on the land and therefore could be asserted as a claim of premises liability but not of negligence. Defendant also contended that video evidence demonstrated that the location of the pylons was objectively open and obvious.

Plaintiffs argued that a question of fact was created by defendant's interpretation of the surveillance footage and Jeanne's testimony regarding the visibility of the safety pylons. Plaintiffs also argued that they could maintain a separate action for ordinary negligence because they alleged that Jeanne's injuries were caused by defendant's failure to develop procedures and train employees, which were overt acts independent of defendant's duty to maintain safe premises. The trial court granted defendant's motion holding that plaintiffs' claim was one of premises liability rather than negligence, and that the hazard was readily apparent upon casual inspection by a reasonable person, i.e., open and obvious. Plaintiffs now appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of the plaintiff's claim, is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the parties' documentary evidence in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160.

B.  PREMISES LIABILITY

Plaintiffs contend that the trial court erred by granting defendant's motion for summary disposition, arguing that a genuine issue of material fact exists regarding whether they set forth a prima facie case of premises liability and ordinary negligence.

Michigan law distinguishes between a claim of ordinary negligence and a claim arising from a condition of the land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).  When a plaintiff alleges injuries arising from a dangerous condition of the land, the claim is one of premises liability rather than ordinary negligence. *Id*.  In this case, plaintiffs allege that a condition of defendant's store, i.e., the slippery floor, constituted a dangerous condition on the property that gave rise to her injury, and their claim therefore is one of premises liability.  See *id*.

In a premises liability action, as in any negligence action, the plaintiff must establish the elements of negligence. *Goodwin v Northwest Michigan Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018).  To establish a prima facie claim of negligence, a plaintiff must prove that (1) the defendant owed the plaintiff a duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019).  The threshold question is whether the defendant owed the plaintiff a legal duty, *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004), which is a question of law for the court, *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

In a premises liability action, however, liability arises from the defendant's duty as an owner, possessor, or occupier of land. *Buhalis*, 296 Mich App at 692.  The initial inquiry when analyzing a claim of premises liability is the duty owed by the possessor of the premises to a person entering the premises. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).  The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000).

In this case, the parties do not dispute that Jeanne was an invitee while in defendant's store. The possessor of land owes an invitee the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises. *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021); *Hoffner*, 492 Mich at 460.  The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016).

Historically, a premises possessor was not an absolute insurer of the safety of an invitee, and accordingly, the premises possessor's "duty [did] not extend to dangerous conditions that are open and obvious." *Estate of Livings*, 507 Mich at 337.  After the trial court granted defendant summary disposition in this matter, however, and after oral argument was held in this case before this Court, our Supreme Court issued *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich___; ___ NW2d

-3-

___ (2023) (Docket Nos. 162907, 163430).  In that case, the Supreme Court reversed its previous decision in *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001), in two respects:

> First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty.  Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault.  Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care.  [*Kandil-Elsayed*, ___ Mich at ___; slip op at 4.]

In this case, the trial court considered whether the condition was open and obvious as part of defendant's duty of care in accordance with *Lugo* and its progeny.  Under *Kandil-Elsayed*, however, whether the condition in question was open and obvious is now relevant not to the determination of duty but rather to the consideration of the issues of breach and comparative fault.  See *id*.  Because the legal framework in place when the trial court granted defendant summary disposition in this case has changed significantly, we remand to the trial court for further proceedings consistent with this opinion, which will entail application of the principle announced in *Kandil-Elsayed*.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado