*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUCINDA K. MOENCH and MICHAEL
MOENCH,

UNPUBLISHED
April 16, 2025
10:49 AM

Plaintiffs-Appellants,

v

No. 370162
Saginaw Circuit Court
LC No. 23-001055-CZ

FRANKENMUTH CREDIT UNION,

Defendant-Appellee.

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

MURRAY, P.J., (*concurring*).

The majority opinion correctly affirms the trial court's order granting defendant summary disposition on the claim premised upon a cause of action under MCL 700.5501(5). It also properly concludes that the trial court's order granting summary disposition of plaintiffs' negligence claim should be reversed. I write separately to simply point out that the road getting to that conclusion contains a preservation hurdle.

In their first amended complaint, plaintiffs alleged a negligence claim against defendant, specifically citing MCL 700.5501(5) as a basis for imposing a duty of good faith upon defendant, and essentially alleged that defendant negligently performed the contract between the parties. In response to defendant's motion for summary disposition, plaintiffs did not assert any means of imposing a duty upon defendants other than the statute. Now, on appeal, plaintiffs argue that a general common law duty to act reasonably in the performance of the contract imposed an actionable duty on defendant. This argument is made for the first time on appeal.

"This Court recently held that our Supreme Court precedent requires that, in general civil cases, we apply the raise-or-waive rule and, thus, the plain-error standard does not apply in those cases." *HMM v JS*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367586); slip op at 4, citing *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023). "By failing to raise [an] issue in the trial court, [a] plaintiff[ ] deprive[s] the trial court of the opportunity to correct it in a timely and equitable manner and waive[s] the error." *Tolas Oil*, 347 Mich App at 290. The raise or waive doctrine has always had exceptions, and one

that applies here allows a court to decide an issue if it involves a question of law and the facts necessary for its resolution have been presented. *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Because the existence of a duty is a legal question, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), and the viability of the duty is based upon the allegations in their first amended complaint, MCR 2.116(C)(8), this is an issue that can be resolved despite it being raised for the first time on appeal.

In support of their appellate argument that a duty existed for defendant to act reasonably in handling the withdrawal requested by their son pursuant to the power of attorney, plaintiffs cite *Clark v Dahlman*, 379 Mich 251, 261; 150 NW2d 755 (1967), *Fultz v Union-Commerce Assoc*, 470 Mich 460; 683 NW2d 587 (2004), and *Loweke*, for the proposition that a separate common law duty exists independent of the contract between these parties. However, the *Loweke* Court clarified the *Fultz* Court's "separate and distinct" analysis, which the Court recognized only applied to duties related to a *noncontracting third party* in the performance of the contract:

> Accordingly, . . . we clarify that when engaging in the "separate and distinct mode of analysis" in *Fultz*'s analytical framework, see 470 Mich at 469-470, courts should not permit the contents of the contract to obscure the threshold question of whether any independent legal duty to the *noncontracting third party* exists, the breach of which could result in tort liability. Instead, in determining whether the action arises in tort, and thus whether a separate and distinct duty independent of the contract exists, the operative question under *Fultz* is whether the defendant owed the plaintiff any legal duty that would support a cause of action in tort, including those duties that are imposed by law. [*Loweke*, 489 Mich at 171 (emphasis added).]

Here, plaintiffs are not noncontracting third parties, but instead are parties to a contract with defendant. However, a defendant may be liable in tort if the defendant negligently performs a contractual undertaking, "or breaches a duty arising by implication from the relation of the parties created by the contract." *Id*. at 166 (quotation marks and citation omitted). See also *Hill v Sears, Roebuck & Co*, 492 Mich 651, 663; 822 NW2d 190 (2012) ("Here, the limited undertaking in which the defendant installers were engaged was the delivery and installation of a washer and an electric dryer. . . . Having engaged to perform this undertaking, defendant installers had a common-law duty to do so with due care, and the record reflects that they did so."). Because that is what plaintiffs argue they are (now) alleging, and that is at least a viable allegation that can survive dismissal under MCR 2.116(C)(8), the order granting dismissal of the negligence claim is properly reversed.

/s/ Christopher M. Murray