*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BIANCA LUCARELLI,

Plaintiff-Appellant,

v

ROBERTSON BROTHERS CO., a domestic
corporation, and
A & R CEMENT AND CONSTRUCTION CO
INC., a domestic corporation.

Defendants-Appellees.

UNPUBLISHED
June 16, 2025
10:58 AM

No. 369120
Oakland Circuit Court
LC No. 22-196445-NO

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order denying her motion for reconsideration of the trial court's order denying plaintiff's motion to amend her complaint. Plaintiff also challenges the trial court's earlier order granting defendants' motions for summary disposition but permitting plaintiff to file a motion for leave to file an amended complaint. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

According to plaintiff, she was seriously injured in July 2020 when she tripped and fell on a metal stake placed next to a sidewalk at her home in Royal Oak. Defendant Robertson Brothers Co. is the general contractor of the home, and it sold the property to plaintiff in March 2020. Defendant A&R Cement, Inc. is the company that installed the sidewalks on the property and placed metal stakes to secure the wooden frames surrounding the poured concrete while it dried.

Plaintiff filed suit against defendants in 2022. Despite the fact that it is undisputed that plaintiff owned the property at the time of the accident, her complaint contained allegations that defendants were the owners or maintainers of the property (and even allegations that defendants did business at that address), that plaintiff was an "invitee/tenant" who had been injured by a hazard located in a "common area" on "defendant's [sic] premises," that defendants had breached their duties to plaintiff by failing to inspect and repair the sidewalk, and that defendants had further

-1-

breached implied warranties and statutory duties applicable to lessors. Plaintiff's complaint was not divided into counts.

Two paragraphs of plaintiff's complaint made explicit reference to defendants' alleged "active negligence":

> 17.    That Defendants under a separate and distinct duty owed to Plaintiff Defendants [sic] through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

> 18.    That Defendant's [sic] under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its [sic] employees and are liable to Plaintiff for the injuries sustained to [sic] her. [*Id*. at 4.]

In two additional paragraphs, plaintiff referred to a "a separate and distinct duty owed to plaintiff" that she alleged defendants violated by negligently creating or altering the hazard, or by negligently performing their contractual obligations. Plaintiff did not attach a copy of any contract that allegedly created any obligations.

Defendants each moved for summary disposition. Relevant to this appeal, both defendants argued that plaintiff's claim sounded in premises liability, not ordinary negligence; further, defendants argued that plaintiff could not bring a premises liability claim against either defendant because they were not owners, possessors, or occupiers of the premises at the relevant time.

The trial court dispensed with oral argument and issued an opinion and order holding that plaintiff's complaint had asserted a premises liability claim against both defendants, which was not viable because neither defendant was an owner, possessor, or occupier of the land. The trial court accordingly granted defendants' motions under MCR 2.116(C)(10) regarding plaintiff's premises liability claim. The trial court also held that statements in plaintiff's complaint referring to "active negligence" were vague and insufficient to state a claim for ordinary negligence, and it granted summary disposition to defendants under MCR 2.116(C)(8) regarding any such claim; however, the trial court permitted plaintiff to file a motion for leave to amend her complaint "only with respect to the ordinary negligence claim."

Plaintiff subsequently filed a motion for leave to amend her complaint. The trial court dispensed with oral argument and denied the motion, stating that plaintiff had "failed to include a proposed amended complaint with the motion." Plaintiff moved for reconsideration, this time attaching a proposed amended complaint. The trial court denied the motion for reconsideration, noting that "Plaintiff has had two opportunities to properly seek amendment (once in response to the motions for summary disposition and the second in the motion for leave) and has failed to do so," and concluding that plaintiff had not demonstrated a palpable error by which the court and the parties had been misled.

This appeal followed. On appeal, plaintiff does not challenge the grant of summary disposition regarding her premises liability claim, but only the trial court's grant of summary disposition under MCR 2.116(C)(8) regarding any ordinary negligence claim and the subsequent denials of her motion for leave to amend and for reconsideration.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and is decided on the pleadings alone. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A reviewing court must accept all well-pleaded factual allegations as true and determine whether a claim is so clearly unenforceable that no factual development could justify recovery. *Id.* at 160. Further, the existence of a duty is generally a question of law to be decided by the court, which this Court reviews de novo. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).

This Court reviews for an abuse of discretion a trial court's decision on a motion to amend pleadings. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes, or the trial court's decision is based on an error of law. See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208; 920 NW2d 148 (2018).

This Court also reviews for an abuse of discretion a trial court's decision to deny a motion for reconsideration. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008).

## III. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred by holding that plaintiff had failed to adequately plead a claim for ordinary negligence in her original complaint, and accordingly erred by granting defendants' motions for summary disposition, albeit with an opportunity for plaintiff to file a motion to amend her complaint. We disagree.

Michigan law recognizes a distinction between claims arising from ordinary negligence and claims premised on a condition of the defendant's land. *Jeffrey-Moise v Williamsburg Towne Houses Coop,* Inc, 336 Mich App 616, 626; 971 NW2d 716 (2012). In any negligence action, a plaintiff must establish that (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Id.* A claim sounds in premises liability when a plaintiff alleges that he or she was injured by a dangerous condition of the defendant's property; in other words, a premises liability claim arises from the defendant's duty as an owner, possessor, or occupier of land. See *Kandil-Elsayed v F&E* Oil, Inc, 512 Mich 95, 111; 1 NW3d 44 (2023).

Whether plaintiff's claim sounds in ordinary negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff. *Jeffrey-Moise*, 336 Mich App at 625. "When it is alleged that the plaintiff's injuries arose from a dangerous condition on the [defendant's] land, the claim is one of premises liability rather than one of ordinary negligence." *Id.* Terms such as "premises possessor" and "dangerous condition on the land" relate to the elements of a premises liability, rather than ordinary negligence, claim. *Wheeler v Central Michigan Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011). The duty owned to a plaintiff by a premises possessor depends on the plaintiff's status as an invitee, licensee, or trespasser. See *Kandil-Elsayed*, 512 Mich at 111.

In this case, plaintiff's complaint alleged that defendants were "owners or maintainers of real property" at plaintiff's address in Royal Oak, that plaintiff was "an invitee/tenant at Defendants' property," and that plaintiff was "caused to trip and fall due to a camouflaged, defective, uneven, metal stake located on Defendant's [sic] premises" causing injury. The complaint repeatedly refers to the sidewalk area as being a "common area" on "Defendant's [sic] premises," and alleges that "at all times Defendant enjoyed possession and control over the area where this incident took place." Plaintiff alleged that defendants owed her a duty to "inspect the area where invitees/tenants would walk" and that they breached the duty by permitting the hazard to exist, failing to inspect the premises and repair the hazard, and failing to keep the area in a condition fit for its intended use.

Plaintiff argues that her complaint also alleged that defendants owed a "separate and distinct" duty to plaintiff, and highlights for this Court portions of the complaint using the term "active negligence." It is true that plaintiff's complaint contains a few paragraphs that refer to an unspecified "separate and distinct duty" to plaintiff and the "active negligence" of defendants. But reading her complaint as a whole, it is clear that her allegation is that she was injured by a condition on the land possessed and controlled by defendants. *Jeffrey-Moise*, 336 Mich App at 625; *Wheeler*, 292 Mich App at 304. It is well-settled that a plaintiff may not transform a premises-liability claim into one of ordinary negligence merely by alleging that the dangerous condition on the defendant's land was created by the defendant's action or inaction. *Jeffrey-Moise*, 336 Mich App at 625. Further, although plaintiff vaguely alleged the existence of some duty owed by defendants to plaintiff that was not dependent on their alleged status as premises owners or possessors, plaintiff never specified that duty. "In a negligence action, if the plaintiff does not establish that the defendant owed the plaintiff a duty, summary disposition is properly granted to the defendant under MCR 2.116(C)(8)." *Id*. at 625-626.

Accordingly, the trial court did not err by concluding that plaintiff's claim sounded in premises liability, and that plaintiff had failed to adequately plead a claim of ordinary negligence. *El-Khalil*, 504 Mich at 160.

## IV. DENIAL OF LEAVE TO AMEND/RECONSIDERATION

Plaintiff also argues that, even if the trial court did not err by granting defendants' motions for summary disposition, it erred by denying her motion for leave to amend, and by denying reconsideration of that denial. We disagree.

MCR 2.118 governs amendment of pleadings. MCR 2.118(A)(2) provides in relevant part that "a party may amend a pleading only by leave of the court or by written consent of the adverse party." MCR 2.118(A)(4) provides in relevant part that "[a]mendments must be filed in writing."

As stated, the trial court denied plaintiff's motion to amend her complaint because plaintiff had failed to accompany that motion with a proposed amended complaint. Plaintiff argues that the court rules do not mandate that a proposed amended complaint must accompany a motion to amend. It is true that the language of MCR 2.118(A)(4) does not specify that the *proposed* amendments be provided in writing along with a motion to amend, only that the actual amendments must be written and filed. But, as this Court has noted, "[i]f a plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified."

*Anton, Sowerby & Associates, Inc v Mr. C's Lake Orion, LLC*, 309 Mich App 535, 551; 872 NW2d 699 (2015). This is especially true when a plaintiff has not provided the trial court with a specific description of the proposed amendment or "a clear statement of plaintiff's claim." *Id*. at 551-552.

In this case, plaintiff's motion to amend and brief in support did not contain a specific description of the proposed amendment or a clear statement of plaintiff's claim; plaintiff merely noted that she had argued in opposition to defendants' motions for summary disposition that she "could allege a claim for ordinary negligence based on Defendants' conduct in creating a hazard." In her brief in support of her motion, plaintiff argued that the amendment would not be futile, and she recited the elements of a negligence claim but did not allege a specific duty owed to plaintiff by defendants. In fact, plaintiff stated that it would be "[p]remature to reach any conclusion whether Plaintiff can and will plead a legally sufficient claim for ordinary negligence." It appears that plaintiff expected the trial court to grant her motion to amend without knowing precisely *what* amendments plaintiff planned on making. Under these circumstances, the trial court did not abuse its discretion by denying plaintiff's motion to amend. See *Anton, Sowerby & Associates*, 309 Mich App at 551-552; see also *Lown v JJ Eaton Place*, 235 Mich App 721, 726; 598 NW2d 633 (1999) (noting that the plaintiff had not complied with MCR 2.118(C)(8) when she made an oral request to amend her complaint but "never offered any written amendments").

For the same reasons, the trial court did not abuse its discretion by denying plaintiff's motion for reconsideration. "Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). Plaintiff's motion for reconsideration, although it was accompanied by a proposed amended complaint, did not explain why her motion to amend was not accompanied by a proposed amended complaint or at least a clear description of plaintiff's proposed amendments. Instead, plaintiff faults the trial court for not explicitly informing plaintiff that it would be unable to grant her motion if she failed to provide enough information for the trial court to determine if the proposed amendment was justified. We find no abuse of discretion in the trial court's denial of reconsideration. *Shawl*, 280 Mich App at 218. Because we affirm the trial court on the grounds stated by it, we need not consider defendants' alternate arguments concerning futility, on which the trial court did not rule.

Affirmed. As the prevailing parties, defendants may tax costs. MCR 7.219(A)(1).

/s/ Mark T. Boonstra
/s/ James Robert Redford
/s/ Philip P. Mariani