*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GINA NARLOCK,

　　　　　Plaintiff-Appellant,

v

KATHRYN WIMBISH, Individually and as Trustee
of the KATHRYN J. WIMBISH REVOCABLE
TRUST,

　　　　　Defendant-Appellee.

UNPUBLISHED
December 21, 2023

No. 365220
Oakland Circuit Court
LC No. 2022-194485-NO

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff, Gina Narlock, appeals as of right the trial court's order granting summary disposition to defendant, Kathryn Wimbish, individually, and as Trustee of The Kathryn J. Wimbish Revocable Trust, under MCR 2.116(C)(10) of plaintiff's claim of premises liability. We affirm.

## I. FACTS

On February 4, 2022, plaintiff allegedly was injured when she slipped and fell on black ice on defendant's front porch[1] in Royal Oak. Plaintiff was defendant's housekeeper. Michael Wonch was employed by defendant to maintain the property, which included shoveling snow and salting the walkways outside defendant's home in the winter. Wimbish's health had declined as the result of dementia and Parkinson's disease, so Wonch assumed additional duties, such as feeding defendant's dogs and birds, making sure defendant took her medicine, and doing general clean up in the house each day.

---

[1] Plaintiff alleged that the property is owned, at least in part, by The Kathryn J. Wimbish Revocable Trust, of which defendant is a trustee. In her answer to plaintiff's complaint, defendant denied this allegation.

On February 2, 2022, Royal Oak received significant ice and snow. On February 4, 2022, the average temperature in Royal Oak was 18 degrees Fahrenheit. Wonch arrived at defendant's home that morning and shoveled the snow at 9:30 a.m., then salted the driveway and front porch at 11:35 a.m. Plaintiff arrived at defendant's home at 4:46 p.m. As plaintiff walked across the front porch, she slipped on black ice and fell in the middle of the porch directly in front of the entrance to the home, allegedly sustaining injuries. After reviewing video footage from the doorbell camera, Wonch agreed that the video shows him salting a portion of the porch, but he testified that he actually salted the entire porch and that the doorbell camera, because it captures images only every few seconds, only captured a portion of his activity.

Plaintiff filed her complaint alleging negligence and premises liability. Plaintiff later testified that she believed the black ice on defendant's front porch formed from a leaking or dripping gutter, which plaintiff testified was based on a telephone conversation she had with Wonch the evening after she fell. Plaintiff also alleged that a few weeks after her fall, she heard Wonch remind defendant that he had previously told her about a leaking gutter. When defendant asked Wonch "Well, why didn't we fix it?" Wonch answered: "I don't know."

Wonch testified that he talked to plaintiff on the telephone after she fell, but denied that there was a leaking gutter or that he mentioned a leaking gutter. Wonch testified that after plaintiff fell, he inspected the porch area and noticed for the first time that ice was building up in some of the gutters and that he may have mentioned the ice in the gutters to plaintiff during the phone call. He testified that before plaintiff fell he was not aware of any ice building up in the gutters and never discussed the topic with plaintiff nor with defendant or the people who assisted defendant.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10) on the basis that the black ice on the front porch was open and obvious as a matter of law and did not fall within the "special aspects" exception to the open and obvious doctrine. Defendant also contended that plaintiff had failed to establish that defendant had notice of the black ice. Plaintiff responded that the ice was not open and obvious and was effectively unavoidable because plaintiff was forced to confront the hazard for her employment, and that she had presented sufficient evidence to establish a genuine issue of material fact that defendant had constructive notice of the ice.

The trial court granted defendant summary disposition of plaintiff's claim of general negligence under MCR 2.116(C)(8), holding that plaintiff's claim sounded in premises liability and not negligence. The trial court granted defendant summary disposition of plaintiff's claim of premises liability under MCR 2.116(C)(10), holding that the ice on which plaintiff fell was open and obvious as a matter of law, was not effectively unavoidable, and that plaintiff had not presented evidence to show defendant had actual or constructive notice of the ice. The trial court denied plaintiff's motion for reconsideration. Plaintiff now appeals, challenging the trial court's grant of summary disposition under MCR 2.116(C)(10) of her claim of premises liability.

## II. ANALYSIS

## A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition

under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare*, Inc, 504 Mich 152, 160; 934 NW2d 665 (2019). When the record leaves open an issue upon which reasonable minds might disagree, a genuine issue of material fact exists. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the parties' documentary evidence in the light most favorable to the party opposing the motion. *Id*. at 761.

## B. PREMISES LIABILITY

Plaintiff contends that the trial court erred by granting defendant summary disposition under MCR 2.116(C)(10) of plaintiff's premises liability claim on the basis that the ice was open and obvious. We agree, because our Supreme Court altered the application of the open and obvious doctrine after the trial court issued its order in this case granting defendant summary disposition.[2] See *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d___ (2023) (Docket Nos. 162907, 163430); slip op at 2.

A plaintiff asserting premises liability must establish the elements of negligence. *Goodwin v Northwest Michigan Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018). To do so, the plaintiff must demonstrate that (1) the defendant owed the plaintiff a duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). The threshold question is whether the defendant owed the plaintiff a legal duty, *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004), which is a question of law for the court, *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

Unlike negligence generally, however, in a premises liability action liability arises from the defendant's duty as an owner, possessor, or occupier of land. *Jeffrey-Moise v Williamsburg Towne Houses Cooperative, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). The initial inquiry when analyzing a claim of premises liability is the duty owed by the possessor of the premises to a person entering the premises, *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012), which depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). In this case, the parties do not dispute that plaintiff was an invitee.

Historically, a premises possessor's duty to ensure the safety of an invitee "[did] not extend to dangerous conditions that are open and obvious." *Estate of Donna Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021). After the trial court granted defendant summary disposition in this case, our Supreme Court issued *Kandil-Elsayed*, which overruled its

---

[2] The trial court issued its order January 27, 2023. Plaintiff filed her claim of appeal March 7, 2023. On July 28, 2023, our Supreme Court issued its decision in *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d___ (2023) (Docket Nos. 162907, 163430).

-3-

previous decision in *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001) in two respects:

> First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care. [*Kandil-Elsayed*, ___ Mich at ___; slip op at 2.]

In this case, the trial court considered whether the black ice on defendant's front porch was open and obvious as part of defendant's duty of care in accordance with *Lugo* and its progeny. However, under *Kandil-Elsayed*, whether the condition was open and obvious is now relevant to the consideration of the issues of breach and comparative fault rather than duty. *Kandil-Elsayed*, ___ Mich at ___; slip op at 2. Because the legal framework in place when the trial court granted defendant summary disposition in this case has changed significantly, the trial court's determination of this issue is not consistent with the principle announced in *Kandil-Elsayed*.

The trial court, however, also granted defendant summary disposition on the additional basis that plaintiff did not demonstrate that defendant knew or should have known of the ice on the porch, and therefore failed to establish the element of breach. As discussed, to prevail on a premises liability claim the plaintiff must show that the premises owner or possessor breached his or her duty to the plaintiff. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). Breach occurs when the premises owner or possessor "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*., quoting *Hoffner*, 492 Mich at 460. Actual or constructive notice of the dangerous condition by the owner or possessor thus is essential to establish the element of breach in a premises liability claim. See *Lowrey*, 500 Mich at 8. In moving for summary disposition, the burden does not shift to the defendant to show lack of notice; rather, the defendant is required only to show the insufficiency of the plaintiff's evidence. *Id*. at 8-9. For example, the defendant is not required to show that he or she routinely or reasonably inspected the premises in order to show lack of constructive notice. *Id*. at 10.

In this case, plaintiff contends that the trial court erred by determining that no genuine issue of material fact existed related to whether defendant had notice of the dangerous condition. We disagree. A plaintiff must proffer evidence sufficient to demonstrate that a question of fact exists that the defendant had either actual or constructive notice. *Id*. at 11. To show that defendant had actual notice, plaintiff was required to demonstrate that defendant knew about the ice on the porch. See *id*. To show that defendant had constructive notice, plaintiff was required to demonstrate that defendant should have known about the ice on the porch either because of (1) the character of the ice on the porch, or (2) the duration of the presence of the ice on the porch. See *id*.

Here, plaintiff asserted that a snowstorm occurred two days before her fall. On the day of her fall, it was sunny but cold. Wonch, knowing that plaintiff planned to arrive that afternoon, shoveled and salted the porch at 11:35 a.m. Plaintiff arrived at 4:46 p.m. and slipped on the porch and fell. Plaintiff argues that defendant should have anticipated that additional melting and

freezing of snow on the roof would cause water to drip from the gutter and refreeze on the porch by the time of plaintiff's arrival. Plaintiff asserted that Wonch told her that the gutter was leaking, and that she heard Wonch tell defendant that a gutter was leaking, and therefore defendant should have known that ice could again form on the porch that afternoon, thereby creating an issue of fact regarding whether defendant had notice.

The trial court found that plaintiff failed to demonstrate actual or constructive notice. The trial court reasoned, in pertinent part:

> Plaintiff failed to cite any evidence that Defendant had actual notice of the ice or that the ice existed for a sufficient length of time that Defendant should have known about it. Defendant took affirmative steps to reduce the risk by hiring Wonch to shovel and salt. There is no dispute that he did so the day of Plaintiff's fall. Plaintiff argues there was a 5-hour gap between Wonch's application of salt and her arrival, but the weather records show there was no precipitation during that period. . . .

> And while Plaintiff focuses on the alleged leaking gutter, the hazardous condition in this case is the ice on the porch, *not* the leaking gutter. Plaintiff argues that Wonch and Defendant knew of the leaking gutter (or at a minimum, there is a question of fact), but this is not evidence that Defendant knew of the *ice* on the porch. Thus, even viewing the evidence in the light most favorable to Plaintiff and assuming that the gutter was, in fact, leaking, this is insufficient to create an issue of fact about whether Defendant knew of the *ice*. In fact, there is no evidence that the black ice was caused by the gutter at all. Plaintiff has presented only speculation ("there was a probability that snow and ice on the roof and gutter would melt in the sun . . . ."). Wonch testified that in the two years he had been going to Defendant's house, there was never an issue with ice on the porch. In sum, even if the ice on which Plaintiff slipped was caused by water dripping from the gutter, there is no evidence that Defendant knew or should have known that the ice was there.

The record supports the trial court's determination that no question of fact exists regarding whether defendant knew of the ice on the porch. Plaintiff was required to demonstrate that defendant had either actual or constructive knowledge of the hazardous condition, i.e., the ice on the porch. Plaintiff, however, did not demonstrate the defendant knew of the ice on the porch nor that she should have known. Plaintiff asserted that defendant should have realized that it was possible for ice to reform on the porch after Wonch cleared the ice earlier in the day, but the possibility that ice can form is not the same as knowing of the existence of a hazardous condition.

Similarly, plaintiff's speculation that the ice may have formed from water leaking from a gutter onto the porch was an unproved theory that plaintiff developed after allegedly speaking to Wonch on the telephone on the day she fell and after allegedly hearing Wonch tell Defendant that a gutter was leaking. No evidence was presented to demonstrate that the ice formed on the porch as a result of a leaking gutter, and Wonch testified that during the two years that he had worked for defendant, no ice had accumulated on the porch. Plaintiff presented no evidence that defendant should have known of that the ice would form on the porch on the afternoon of plaintiff's fall. The trial court therefore did not err by granting defendant summary disposition.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola